## IN THE COURT OF COMMON
## PLEAS CUYAHOGA COUNTY, OHIO

# FILED

Jeffrey Brown
21 Lexington Square.
Euclid, Ohio 44143

    Plaintiff,

City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 441 12
    Defendant,

City of East Cleveland Police Department
14340 Euclid Avenue
East Cleveland, Ohio 441 12

    Defendant,

City of East Cleveland
Narcotics Detective Mark Allen (sued in
his individual and official capacity), 14340
Euclid Avenue East Cleveland, Ohio 441
12

    Defendant,

Former City of East Cleveland Sergeant
Torris Moore, Inmate No. 61296-060
(sued in her individual and official
capacity))
FMC Carswell Federal Medical Center
Fort Wonh, TX 76127

    Defendant,

Former City of East Cleveland Narcotics
Detective Antonio Malone,
Inmate No. 61336060 (sued in his individual
and official capacity) FCI Danbury Federal
Correctional Inst. )
Rt. 37, Danbury. CT 06881

Case No.

2020 APR -7 A II: 54

CLERK OF COURTS
CUYAHOGA COUNTY

Complaint
NANCY A FUERST
CV 20 931724

Jury Trial Demand

CV20931724          113125704



|  | ) |
| --- | --- |
| Defendant, | ) |
|  | ) |
| City of East Cleveland Law Enforcement | ) |
| Agent John Doe 1[1] (*sued in his individual* | ) |
| *and official capacity*), 14340 Euclid Avenue | ) |
| East Cleveland, Ohio 44112 | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| City of East Cleveland Law Enforcement | ) |
| Agent John Doe 2 (*sued in his individual* | ) |
| *and official capacity*) 14340 Euclid Avenue | ) |
| East Cleveland, Ohio 44112 | ) |
|  | ) |
| Defendant, | ) |
|  | ) |
| ABC & XYZ Insurance Carriers | ) |
| Providing Occurrence Coverage for | ) |
| Police Activities such as Identified & | ) |
| Verified herein, 14340 Euclid Avenue | ) |
| East Cleveland, Ohio 44112 | ) |
|  | ) |
| Defendant. | ) |

Now comes the Plaintiff and respectfully commences this action against all of the

Defendants, and hereby state:

## I.   **PRELIMINARY STATEMENT**

1.  Plaintiff, Jeffrey Brown ("Plaintiff") brings this action against the Defendants, for acted

    committed against Plaintiff by the Defendant, which includes but is not limited to, false

    imprisonment, false arrest, defamation, malicious prosecution, abuse of process, assault,

    battery, intentional infliction of emotional distress, loss of consortium, Civil Conspiracy,

    and under Ohio Corrupt Practices Act (R.C. 2923.34(A)).

---

[1] Plaintiff is unaware of the name of certain defendants, therefore Plaintiff bring suit against unnamed "John Doe 1" and "John Doe 2" defendants until discovery or other information reveals the identity of the parties. Plaintiffs are permitted to bring suit against unnamed "John Doe" defendants until discovery or other information reveals the identity of the party. *See, e.g., Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996).

## II.    JURISDICTION & VENUE

2. Pursuant to R.C. 2305.01, the Cuyahoga County Common Pleas Court has jurisdiction over Plaintiff's tort actions. Moreover, this Court has jurisdiction over Plaintiff's suit brought under R.C. 2923.34(A).

3. The incidents set forth herein and which are the subject of this Complaint occurred in Cuyahoga County, Ohio, thus venue is properly laid in this Common Pleas Court.

## III.    PARTIES

4. At all times relevant to the claims in this complaint, Plaintiff was a citizen of the United States and a resident of Cuyahoga County, in the State of Ohio.

5. At all times relevant to the claims herein, the Defendant Torris Moore, was a member of the City of East Cleveland Police Department, in the State of Ohio and acting under color of state law. Furthermore, this Defendant acted in her individual and official capacity and is therefore being sued in her individual and official capacity.

6. At all times relevant to the claims herein, the Defendant Mark Allen, was a member of the City of East Cleveland Police Department, in the State of Ohio and acting under color of state law. Furthermore, this Defendant acted in his individual and official capacity and is therefore being sued in his individual and official capacity.

7. At all times relevant to the claims herein, the Defendant Antonio Malone, was a member of the City of East Cleveland Police Department, in the State of Ohio and acting under color of state law. Furthermore, this Defendant acted in his individual and official capacity and is therefore being sued in his individual and official capacity.

8. At all times relevant to the claims herein, the Defendant John Doe 1, was a member of the City of East Cleveland Police Department, in the State of Ohio and acting under color

of state law. Furthermore, this Defendant acted in his individual and official capacity and is therefore being sued in his individual and official capacity.

9. At all times relevant to the claims herein, the Defendant John Doe 2, was a member of the City of East Cleveland Police Department, in the State of Ohio and acting under color of state law. Furthermore, this Defendant acted in his individual and official capacity and is therefore being sued in his individual and official capacity.

10. Defendant City of East Cleveland and its East Cleveland Police Department, is being sued in its official capacity as overseers of its law enforcement agencies for the City of East Cleveland, Ohio. The named Defendants through their public offices violated Plaintiff rights as those are expressly guaranteed and protected under the United States Constitution.

   A. At all times pertinent hereto, Defendants City of East Cleveland and its East Cleveland Police Department acting under color of state law, are responsible for the actions and inactions of their subordinates as they relate to the violations of Plaintiff, in the following non-exhaustive particulars:

      i. Failure to properly hire, train, instruct, discipline and/or supervise the officers under their authority;

      ii. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of internal affairs of the East Cleveland Police Department and its employees; and,

      iii. Condoning a pattern, practice, and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the Defendants offices and departments.

11. Defendant ABC & XYZ Insurance Carriers Providing Occurrence Coverage for Police Activities, is being sued as the insurer of the Defendants.

## IV.  CONDITIONAL STATEMENT UNDER *HECK*

12. On April 17, 2017, Plaintiff's convictions and sentences were vacated and dismissed, with prejudice, in Plaintiff's favor, in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A. (*See*, April 17, 2017, Journal Entry dated, attached hereto). Per *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), Plaintiff's claims are properly before this Court.

## V.  VERIFIED STATEMENT OF THE FACTS

13. Plaintiff is an adult, and competent to testify to all facts set forth herein.

14. Plaintiff have personal knowledge of all facts set stated and verified below.

15. On or about November 5, 2013, Plaintiff was driving his vehicle on East 131st Street, Cleveland, Ohio, when Defendant Malone and Defendant Allen, without probable cause, activated their police lights to effectuate a traffic stop on Plaintiff.[2]

16. Although Plaintiff did not commit any traffic violation to justify a traffic stop, nor was Plaintiff committing or attempting to commit any crime when Defendant Allen and Moore stopped Plaintiff, Plaintiff immediately stopped his vehicle in front of his business: Alyakaj Stop-N-Shop, ("Alyakaj Stop-N-Shop") located at 720 East 131st Street, Cleveland, Ohio 44108.

17. Defendant Allen exited the Lincoln Navigator, with his gun drawn, and rant to the driver's side of Plaintiff's vehicle.

18. Defendant Allen opened the driver's door of Plaintiff's vehicle and violently pressed a gun into Plaintiff's rib-cage and demanded Plaintiff exit the vehicle.

---

[2] Defendant Allen and Moore were operating an unmarked law enforcement vehicle when stopping Plaintiff, that appeared to be a Lincoln Navigator.

19. Plaintiff complied with Defendant Allen's violent commands and was immediately arrested and searched, without probable cause.

20. While being searched, Plaintiff observed an East Cleveland Police Department cruiser arrive with Defendant John 1, as the driver and, Defendant John Doe 2, as the passenger.[3]

21. Defendant John Doe 2 exited the passenger side of the police cruiser and Defendant Allen placed Plaintiff in the back seat of the cruiser.

22. Without a search or arrest warrant, Defendant Allen, Defendant Malone and Defendant John Doe 2, entered Plaintiff's business, Alyakaj Stop-N-Shop.[4]

23. After Defendant Allen, Defendant Malone, and Defendant John Doe 2 entered Plaintiff's business, Defendant Allen and Defendant John Doe 2 unlawfully detained Plaintiff's juvenile daughter, Ja-Kayla Brown and Plaintiff's toddler, Jayden Brown.

24. While Defendant Allen, Defendant Malone and Defendant John Doe 2 searched Plaintiff's business, Demetrious Brantley, an employee and tenant of Plaintiff's, arrived at the store to begin his shift.

25. Defendant Allen, without probable cause, hand-cuffed and detained Mr. Brantley and placed him in the police cruiser with Plaintiff.

26. After detaining Brantley, Defendant Moore arrived, and Defendant Malone and Defendant John Doe 2 exited Plaintiff's business. Defendant Allen then re-searched Plaintiff and removed Plaintiff's residential keys—the keys to 720 East 131 Street, Cleveland, Ohio 44108, Unit #3; and 4407 Lucille Avenue, South Euclid, OH 44121.

---

[3] Plaintiff recalls Defendant John Doe 1 speaking with an African dialect. Furthermore, on information and belief, Plaintiff assert that Defendant John Doe 2 is the twin brother or sibling of Defendant Malone.
[4] At the time of the incident, Plaintiff's business was located at a store front of a building owned by the mother of Plaintiff's children. The building includes, a store front, and four residential units.

27. Once in possession of Plaintiff's residential keys, Defendant Allen instructed his co-defendant, "To got to get to Lucille, in South Euclid"—Plaintiff's residence.

28. Defendant Allen and Defendant John Doe 2 exited Alyakaj Stop-N-Shop, and proceeded to Plaintiff's residence. Once there, without probable cause that a crime was being committed, and without a lawful search warrant, Defendant Allen and Defendant John Doe 2 searched Plaintiff's residence.

29. Plaintiff and Mr. Brantley was booked into East Cleveland City Jail.

30. After Plaintiff was jailed, Plaintiff's business, residence in South Euclid, and residential units located at 720 East 131 Street, Cleveland, Ohio 44108, was still being searched. The search of Plaintiff's business and residential units were captured by surveillance cameras, and revealed the following:

    i.    Defendant Malone and Defendant Moore searching Alyakaj Stop-N-Shop and all residential units;

    ii.    Defendant Malone and Defendant Moore exiting residential unit 3—Plaintiff personal residence—with a black bag;

    iii.    Defendant Malone and Defendant Moore re-entering Alyakaj Stop-N-Shop and unlawfully committing a theft, by taking U.S. Currency from the cash register and placing the stolen property into the stolen black bag;

    iv.    Defendant Malone and Defendant Moore entering the basement of Plaintiff's building, where Defendant Malone and Defendant Moore conducted more searches and emptied the contents of numerous shoe boxes;

    v.    Defendant Malone and Defendant Moore placing the stolen black bag inside a shoe box, and thereafter placing the shoe box inside another bag before proceeding up-stairs;

    vi.    Once up-stairs, Defendant Malone handed Defendant Moore the black bag—with Plaintiff's stolen property—and Defendant Moore exited Plaintiff's business and placed the black bag in an unmarked civilian car;

32. Defendants, despite knowing that Plaintiff had not committed any crime, charged
    Plaintiff without probable cause on November 7, 2013 via a Criminal Complaint in East
    Cleveland Municipal Court, in a case styled *City of East Cleveland v. Jeffrey Brown*,
    Case No. 13CRA01581. The charges included:

    i.   Drug Possession in violation of R.C. 2925.11 (F5)—alleging Brown did have
         in his possession 158.00 grams of marijuana in separate packages;

    ii.  Drug Trafficking in violation of R.C. 2925.03 (F5)—alleging Brown did have
         in his possession 158.00 grams of marijuana separately wrapped for sale;

    iii. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)—
         did have in his possession a 9mm automatic pistol, serial#eak0401108;

    iv.  Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)—
         did have in his possession a 45caliber automatic pistol, serial#rbt220; and,

    v.   Possession of Criminal Tools in violation of R.C. 2923.24 (F5)—did have in
         his possession $138.00 in U.S. Currency.

33. As a result of the Criminal Complaint filed against Plaintiff, by the Defendants, Plaintiff
    was unlawfully and falsely imprisoned for four-days in East Cleveland City Jail, until
    Plaintiff posted bail in the amount of $2,500.00.

34. After Plaintiff was released on bail, Defendants, despite knowing that Plaintiff had not
    committed any crime, furthered their prosecution without probably cause and proceeded
    to abuse the process by presenting false testimony and/or evidence to a Cuyahoga County
    Grand Jury, resulting in the grand jury returning an indictment against Plaintiff.

35. In December 2013, Plaintiff was indicted in a seven-count indictment, in *State v. Brown*,
    Cuyahoga C.P. Case No. CR-13-580090-A, charging him with four counts of drug
    trafficking, and one count each of drug possession, possessing criminal tools, and having
    weapons while under disability. One of the trafficking counts (Count 4) contained one-

year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe). *See*, *State v. Brown*, 2014-Ohio-5795, ¶ 2, 2014 Ohio App. LEXIS 5609 (Ohio Ct. App., Cuyahoga County, Dec. 31, 2014).

36. Upon advice of defense counsel, and to avoid further charges and/or the possibility to receiving a harsher sentence after trial, Plaintiff agreed to plead guilty to an amended charge in Count 4—a third degree felony. The Amendment deleted the firearm, juvenile, and schoolyard specifications.

37. In *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, the trial court sentenced Plaintiff to six months in state prison, and Plaintiff served the full term of imprisonment.

38. In 2016, Plaintiff filed a *Motion to Withdraw Guilty Plea* pursuant to Crim. R. 32.1, on the basis that his conviction and plea was constitutionally infirm, because East Cleveland Police Sergeant Torris Moore, East Cleveland Narcotics Detective Antonio Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer intentionally falsified, fabricated and manufactured false evidence and charges against Plaintiff, which resulted in Plaintiff's unconstitutional conviction, sentence and confinement.

39. On December 13, 2016, the State of Ohio, acting through the Cuyahoga County Prosecutor's Office, filed a *Motion to Vacate Conviction and Sentence* in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, asserting Plaintiff was flagrantly deprived his due process rights under the federal constitution and suffered a loss of liberty due to East

10

Cleveland Police Sergeant Torris Moore, East Cleveland Narcotics Detective Antonio

Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer

intentionally falsified, fabricated and manufactured false evidence and charges against

Plaintiff, which ultimately resulted in Plaintiff's unconstitutional conviction, sentence

and confinement.

40. On December 29, 2016, Judge John Russo, the Administrative Judge for Cuyahoga

County Common Pleas Court, conducted a hearing on the State's *Motion to Vacate*

*Conviction* and sentence and on Plaintiff's *Motion to Withdraw Guilty Plea*. At the

hearing, in support of why Plaintiff's conviction, plea and sentence should be vacated

with prejudice, former Cuyahoga County Prosecutor Timothy McGinty stated:

> **PROSECUTOR: McGinty**: Your Honor, the State would like to
> thank everyone that we thanked before on the other cases we are
> dismissing, the East Cleveland Police, the Chief for his
> cooperation... And, in addition I would also like to thank
> defendant's counsel in this case, because Mr. Gilbert supplied
> evidence that showed in this case, that docket, and I am not familiar
> with the facts. I was at one time, I don't have the recall of the
> Cleveland cases, but in the East Cleveland case Mr. Gilbert supplied
> the evidence that showed his actual innocence. They have a video
> recording of the store on 131st where he [Plaintiff] worked and the
> police claim that they retrieved 83 bags of marijuana at this dealer,
> at the store of the defendant, and the film showed no such thing.
> There was not 83 bags. There is nothing but money taken by thieving
> police officers, who disgraced the uniform, disgraced the badge and
> are in prison where they belong.

> **THE COURT**: Thank you, Mr. McGinty.

> With that being said this Court will go ahead and grant the order of
> vacation of conviction filed by the State of Ohio, vacating both the
> sentence, plea and conviction of Mr. Brown.[5]

---

[5] Plaintiff will provide the full December 29, 2016 transcripts through discovery—if requested.

41. On April 17, 2017, Judge John Russo, the Administrative Judge for Cuyahoga County Common Pleas Court, granted the State's *Motion to Vacate Conviction and Sentence* with prejudice.

42. The injuries for which Plaintiff is seeking compensation herein for Defendants actions, are as follows:

    i.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been deprived of income;

    ii.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiousness, fear and dread;

    iii.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

    iv.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have sustained damages due to loss of reputation, damage to credit reputation, and other consequential cost and damages;

    v.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff has been subjected to humiliation, embarrassment, indignity and shame;

    vi.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff suffered injury to family and community relations amongst peers, co-workers, family members, and friends;

    vii.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff sustained damages in attorney fees expended in defending himself on state criminal charges in an amount in excess of $20,000.00 and will incur additional legal fees in the future, to protect Plaintiff's rights and interest from the wrongful and unlawful actions of Defendants herein;

    viii.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have sustained damages due to disability, loss of enjoyment of life—that is, the participation in life's activities, to the quality and extent normally enjoyed before the injurious experience, and which with reasonable probability will be experienced in the future;

ix.     As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been damaged in the reasonable value of past lost business opportunities and future lost business opportunities;

x.      As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been damaged in the reasonable value of all consequential expenses incurred by them as a result of Defendants conduct;

xi.     As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff has suffered deprivation of his liberty, invasion of his privacy and has otherwise suffered deprivation of his human, civil and constitutional rights in violations of the law and constitutions of the United States and the State of Ohio;

xii.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost six months in his children's lives while in jail and prison;

xiii.   As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost his relationship with his children's mother;

xiv.    As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff lost his father, who died while Plaintiff was incarcerated serving six (6) month sentence associated with the charges lodges against Plaintiff by the Defendants;

xv.     As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff suffered damages which shall be proved with evidence offered at trial.

## VI.     COUNT 1: False Arrest:

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 1 as ("Defendants")*

43. Plaintiff incorporates by reference paragraphs 1-42 of this Complaint, as if fully re-written hereat.

44. Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

45. On November 5, 2013, Defendants City of East Cleveland, Defendant City of East Cleveland Police Department, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 ("collectively Defendants") while purporting to act in their duties as law enforcement agents for the City of East Cleveland, Ohio, arrested plaintiff without a warrant and without cause.

46. As a result of the unlawful arrest, Plaintiff was incarcerated for ninety-six (96) hours at the East Cleveland City Jail, and was otherwise subjected to various indignities and humiliation.

47. Plaintiff incurred a $2,500.00 fee to obtain his release on bail.

48. Defendants' actions were willful and malicious.

49. Plaintiff has suffered humiliation, loss of reputation, and physical and mental pain.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

## VII.  COUNT 2: False Imprisonment

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 2 as ("Defendants")*

50. Plaintiff incorporates by reference paragraphs 1-49 of this Complaint, as if fully re-written hereat.

51. Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

52. At all times mentioned herein, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 acted on behalf of the City of East Cleveland, Ohio within the scope of their employment.

53. On November 5, 2013, the Defendants acted collectively effectuated a traffic stop on Plaintiff, and arrested Plaintiff without probable cause. At that time, the Defendants accosted Plaintiff, forcibly restrained him and detained him in the back of an East Cleveland Police Cruiser.

54. After falsely arresting and illegally restraining Plaintiff, the Defendants searched him despite his objection and caused Plaintiff to be falsely imprisonment ninety-six (96) hours at the East Cleveland City Jail and six (6) months in Ohio Department of Rehabilitation and Corrections.

55. The detention and search were conducted illegally and maliciously without probable cause.

56. Plaintiff suffered humiliation, nervous shock, and mental anguish.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

## VIII.   COUNT 3: Malicious Prosecution

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 3 as ("Defendants")*

57. Plaintiff incorporates by reference paragraphs 1-56 of this Complaint, as if fully re-written hereat.

58. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

59. On or about November 7, 2013, Defendants acting individually and collectively initiated criminal proceedings against Plaintiff by filing a Complaint with the clerk of East Cleveland Municipal Court, in a case styled *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581, charging Plaintiff with:

    i.    Drug Possession in violation of R.C. 2925.11 (F5)—alleging Brown did have in his possession 158.00 grams of marijuana in separate packages;

    ii.    Drug Trafficking in violation of R.C. 2925.03 (F5)—alleging Brown did have in his possession 158.00 grams of marijuana separately wrapped for sale;

    iii.    Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)—did have in his possession a 9mm automatic pistol, serial#eak0401108;

    iv.    Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)—did have in his possession a 45caliber automatic pistol, serial#rbt220; and,

    v.    Possession of Criminal Tools in violation of R.C. 2923.24 (F5)—did have in his possession $138.00 in U.S. Currency.

60. As a result of the Criminal Complaint filed against Plaintiff, by the Defendants, Plaintiff was unlawfully and falsely imprisoned for four-days in East Cleveland City Jail, until Plaintiff posted bail in the amount of $2,500.00.

61. In December, 2013, Defendants, acting under the pretense of color of state law, despite knowing that Plaintiff had not committed any crime, furthered their prosecution without probably cause and proceeded with criminal prosecution, by presenting false and manufactured evidence and testimony before a Cuyahoga County grand jury, resulting in the grand jury returning an indictment against Plaintiff, in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, charging him with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe). *See, State v. Brown*, 2014-Ohio-5795, ¶ 2, 2014 Ohio App. LEXIS 5609 (Ohio Ct. App., Cuyahoga County, Dec. 31, 2014).

62. Defendants commenced these criminal proceedings against Plaintiff without probable cause. Moreover, Defendants knew or should have known that Plaintiff did not commit any of the crimes charges against him.

63. Said charge was dismissed by the prosecutor and the Cuyahoga County Common Pleas Court, with prejudice, in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, on April 17, 2017.

64. Defendants filed the complaint in *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581 and pursued a Grand Jury indictment in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, out of malice, hatred, and ill will toward plaintiff, for the sole purpose of harassing and embarrassing plaintiff.

65. Defendants had no probable cause for filing the complaint in *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581 and pursuing a Grand Jury indictment in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A.

66. As a result, plaintiff was cited to court, was forced to lose time from his employment, has lost respect in the community, and was required to spend $20,000 in attorney fees for his defense.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

## IX.    COUNT 4: Battery

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 4 as ("Defendants")*

67. Plaintiff incorporates by reference paragraphs 1-66 of this Complaint, as if fully re-written hereat.

68. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

69. On or about November 7, 2013, at 720 East 131 Street, Cleveland, Ohio, Defendants

    acting individually and collectively unlawfully and intentionally and with great force and

    violence pushed a hand-gun in the Plaintiff's rib-cage.

70. The action of the defendants was malicious.

71. As a result thereof Plaintiff sustained a bruises, shortness of breath and other injuries to

    his rib-cage and body causing great pain and suffering.

72. Plaintiff was disabled for work for weeks due to his injuries, has sustained a loss in a sum

    to be proven at trial, and can reasonably expect to incur further loss of earnings.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from

each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million

dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant

separately and apart from each other, attorney fees and costs.

### X.   COUNT 5: Assault

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and
Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East
Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 5 as ("Defendants")*

73. Plaintiff incorporates by reference paragraphs 1-72 of this Complaint, as if fully re-

    written hereat.

74. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant

    Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law

    enforcement agents employed by the City of East Cleveland, Ohio, and was acting under

    color of State law.

75. On or about November 7, 2013, at 720 East 131 Street, Cleveland, Ohio, Defendants

    acting individually and collectively threatened Plaintiff with bodily harm with a hand-

    gun, causing plaintiff to fear of his life.

76. Said assault was intentional and malicious.

77. As a result of said assault, Plaintiff became emotionally upset, necessitating time off from

    work.

78. Plaintiff loss of earnings, in an amount to be proven at trial. Further expenses will be

    incurred in the future as Plaintiff's mental health has been permanently impaired.

79. Plaintiff has incurred and will incur reasonable attorney fees in the amount exceeding

    $20,000.00

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from

each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million

dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant

separately and apart from each other, attorney fees and costs.

### XI.    COUNT 6: Conversion (Wrongful Taking of Property)

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and
Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East
Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 6 as ("Defendants")*

80. Plaintiff incorporates by reference paragraphs 1-79 of this Complaint, as if fully re-

    written hereat.

81. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant

    Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law

    enforcement agents employed by the City of East Cleveland, Ohio, and was acting under

    color of State law.

20

82. On or about November 5, 2013, Plaintiff was the owner of:

      i.    $10,000.00 in U.S. Currency (stolen from Plaintiff's residence, 4407 Lucille Avenue, South Euclid, OH 44121);

      ii.    $40,000.00 in U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      iii.    Dewitt Diamond Ring valued at $5,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      iv.    Ashcroft Diamond Earrings valued at $14,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      v.    Ashcroft Diamond Earrings valued at $2,800.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      vi.    $150.00 U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      vii.    $136.00 U.S. Currency (stolen from Plaintiff's persons);

      viii.    Cartier Glasses valued at $3,200.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      ix.    Cartier Glasses valued at $1,700.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

      x.    Diamonds in Cartier Glasses referenced in paragraph viii, above, valued at $1,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3).

83. On that day, Defendants acting individually and collectively unlawfully removed the aforementioned property from the plaintiff's premises—that is, Plaintiff's residence, located at: East 131 St., Cleve, OH 44108, Apt.# 3; and 4407 Lucille Avenue, South Euclid, OH 44121.

84. The taking of Plaintiff's property was done willfully and maliciously.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million

dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant

separately and apart from each other, attorney fees and costs.

## XII.    COUNT 7: Trespass

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and
Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East
Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 7 as ("Defendants")*

85. Plaintiff incorporates by reference paragraphs 1-84 of this Complaint, as if fully re-
written hereat.

86. Plaintiff is the owner of Alyakaj Stop-N-Shop, located at 720 East 131st Street,
Cleveland, Ohio 44108; was the leaseholder of residential Unit No. 3, located at 720 East
131st Street, Cleveland, Ohio 44108; and the residential leaseholder of 4407 Lucille
Avenue, South Euclid, OH 44121.

87. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant
Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law
enforcement agents employed by the City of East Cleveland, Ohio, and was acting under
color of State law.

88. On November 5, 2013, Defendant Moore, Defendant Allen, Defendant Malone,
Defendant John Doe 1, and Defendant John Doe 2 entered Plaintiff's business, Alyakaj
Stop-N-Shop and Plaintiff's residences located 4407 Lucille Avenue, South Euclid, OH
44121; residential Unit No. 3, located at 720 East 131st Street, Cleveland, Ohio 44108,
without the permission of, and contrary to the demands of, plaintiff.

89. As a result, plaintiff is denied the free peaceable use and enjoyment of his property.

90. Plaintiff has been damaged by Defendant Moore, Defendant Allen, Defendant Malone,
Defendant John Doe 1, and Defendant John Doe 2 said trespass in the amount of

exceeding $25,000.00, such being the fair value of the use of said property by Defendants.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $25,000.00 (twenty-five thousand) and $1,000,000.00 (one million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

## XIII.     COUNT 8: Civil Conspiracy

### Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier
*(collectively referred to in Count 8 as ("Defendants")*

91. Plaintiff incorporates by reference paragraphs 1-90 of this Complaint, as if fully re-written hereat.

92. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

93. The Defendants engaged in a malicious combination involving at least two people or entities and acted together.

94. The Defendants malicious combination caused injury to Plaintiff.

95. There exists an unlawful act independent from the conspiracy itself.

96. In furtherance of their agreement and understanding, the Defendants knowing and intentionally committed the following criminal offenses against Plaintiff, for the purposes of depriving Plaintiff of U.S. Currency; real and personal property; past, present and future business opportunities, loss of consortium, and liberty:

a) Aggravated Robbery in violation of R.C. 2911.01(A)(1)(2)&(3), and/or;

b) Robbery in violation of R.C. 2911.02(A)(1)(2)&(3), and/or;

c) Aggravated Burglary in violation of R.C. 2911.11(A)(1)(2)&(3), and/or;

d) Burglary in violation of R.C. 2911.11(A)(1)(2)&(3), and/or;

e) Kidnapping in violation of R.C. 2905.01(A)(2)(3)(5)&(6), and/or;

f) Abduction in violation of R.C. 2905.02(A)(1)(2)(&3), and/or;

g) Unlawful Restrain in violation of R.C. 2905.03(A), and/or;

h) Theft in violation of R.C. 2913.02(A)(1)(4)&(5), and/or;

i) Theft in Office in violation of R.C. 2921.41(A), and/or;

j) Felonious Assault in violation of R.C. 2903.11(A)(2), and/or;

k) Assault in violation of R.C. 2903.13(A), and/or;

l) Extortion in violation of R.C. 2905.11, and/or;

m) Using Sham Legal Process in violation of R.C. 2921.52(B)(1)-(4).

97. As a result of Defendants' conspiracy, Plaintiff suffered damages as follows:

i. The complete loss of $10,000.00 in U.S. Currency (stolen from Plaintiff's residence, 4407 Lucille Avenue, South Euclid, OH 44121);

ii. The complete loss of $40,000.00 in U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

iii. The complete loss of Dewitt Diamond Ring valued at $5,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

iv. The complete loss of Ashcroft Diamond Earrings valued at $14,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

v. The complete loss of Ashcroft Diamond Earrings valued at $2,800.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

vi. The complete loss of $150.00 U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

vii.   The complete loss of $136.00 U.S. Currency (stolen from Plaintiff's persons);

viii.   The complete loss of Cartier Glasses valued at $3,200.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

ix.   The complete loss of Cartier Glasses valued at $1,700.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

x.   The complete loss of Diamonds in Cartier Glasses referenced in paragraph ix, above, valued at $1,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

xi.   The loss of at least one hundred thousand dollars in profit in past, present and future business opportunities;

xii.   Plaintiff's business became insolvent and ceased business operations;

xiii.   The loss of consortium;

xiv.   Plaintiff incurred attorney expenses in the amount of at least $20,000.00, and other expenses to be proven at trial.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

### XIV.    COUNT 9: Civil RICO

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 9 as ("Defendants")*

98. Plaintiff incorporates by reference paragraphs 1-97 of this Complaint, as if fully re-written hereat.

99. At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law

enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

100.     Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 did, while employed by or associated with an enterprise, to wit: Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, and/or other identified and unidentified individuals did conduct or participate in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity. Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 engaged in, conspired to engage in, attempted to engage in or coerced another to engage in violations of the law including but not limited to:

    a)  Aggravated Robbery in violation of R.C. 2911.01(A)(1)(2)&(3), and/or;

    b)  Robbery in violation of R.C. 2911.02(A)(1)(2)&(3), and/or;

    c)  Aggravated Burglary in violation of R.C. 2911.11(A)(1)(2)&(3), and/or;

    d)  Burglary in violation of R.C. 2911.11(A)(1)(2)&(3), and/or;

    e)  Kidnapping in violation of R.C. 2905.01(A)(2)(3)(5)&(6), and/or;

    f)  Abduction in violation of R.C. 2905.02(A)(1)(2)(&3), and/or;

    g)  Unlawful Restrain in violation of R.C. 2905.03(A), and/or;

    h)  Theft in violation of R.C. 2913.02(A)(1)(4)&(5), and/or;

    i)  Theft in Office in violation of R.C. 2921.41(A), and/or;

    j)  Felonious Assault in violation of R.C. 2903.11(A)(2), and/or;

    k)  Assault in violation of R.C. 2903.13(A), and/or;

    l)  Extortion in violation of R.C. 2905.11, and/or;

m) Using Sham Legal Process in violation of R.C. 2921.52(B)(1)-(4).

101.     This enterprise functioned to rob Ohio citizens by using their badges as a weapon

to commit tyranny in Cuyahoga County, Ohio. Defendant Moore, Defendant Allen,

Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 acting in

combination with each other and other unidentified individuals, would commit the

aforementioned offenses to steal real and personal property from individuals. The

Defendants would then fabricate and manufacture false charges against the individuals in

an effort to legitimize their unlawful conduct.

102.     Plaintiff states upon information and belief, the Defendants kelp the unlawfully

gained proceeds and split the property amongst members of the enterprise.

103.     Defendants are persons, who, did while employed by, or associated with, an

enterprise conducted or participated in, directly or indirectly, the affairs of the enterprise

through a pattern of corrupt activity as defined in R.C. 2923.31(E), and which deprived

Plaintiff of the following:

    i.    The complete loss of $10,000.00 in U.S. Currency (stolen from Plaintiff's
residence, 4407 Lucille Avenue, South Euclid, OH 44121);

    ii.    The complete loss of $40,000.00 in U.S. Currency (stolen from Plaintiff's
residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    iii.    The complete loss of Dewitt Diamond Ring valued at $5,000.00 (stolen from
Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    iv.    The complete loss of Ashcroft Diamond Earrings valued at $14,000.00 (stolen
from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    v.    The complete loss of Ashcroft Diamond Earrings valued at $2,800.00 (stolen
from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    vi.    The complete loss of $150.00 U.S. Currency (stolen from Plaintiff's
residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    vii.    The complete loss of $136.00 U.S. Currency (stolen from Plaintiff's persons);

   viii.    The complete loss of Cartier Glasses valued at $3,200.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    ix.    The complete loss of Cartier Glasses valued at $1,700.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    x.    The complete loss of Diamonds in Cartier Glasses referenced in paragraph ix, above, valued at $1,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    xi.    The loss of at least one hundred thousand dollars in profit in past, present and future business opportunities;

    xii.    Plaintiff's business became insolvent and ceased business operations;

   xiii.    The loss of consortium;

   xiv.    Plaintiff incurred attorney expenses in the amount of at least $20,000.00, and other expenses to be proven at trial.

104.      The Defendants' activities described above caused harm to the Plaintiff and constitute a violation of R.C. 2923.32(A)(1)-(3).

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

### XV.    COUNT 10: Negligent Supervision

**Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 10 as ("Defendants")*

105.      Plaintiff incorporates by reference paragraphs 1-104 of this Complaint, as if fully re-written hereat.

106.    At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant

Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law

enforcement agents employed by the City of East Cleveland, Ohio, and was acting under

color of State law.

107.    On or about November 5, 2013, Plaintiff was driving his vehicle on East 131st

Street, Cleveland, Ohio, when Defendant Malone and Defendant Allen, without probable

cause, activated their police lights to effectuate a traffic stop on Plaintiff. Although

Plaintiff did not commit any traffic violation to justify a traffic stop, nor was Plaintiff

committing or attempting to commit any crime when Defendant Allen and Moore

stopped Plaintiff, Plaintiff immediately stopped his vehicle in front of his business,

Alyakaj Stop-N-Shop.

108.    Defendant Allen exited the Lincoln Navigator, with his gun drawn, and rant to the

driver's side of Plaintiff's vehicle. Defendant Allen opened the driver's door of Plaintiff's

vehicle and violently pressed a gun into Plaintiff's rib-cage and demanded Plaintiff exit

the vehicle. Plaintiff complied with Defendant Allen's violent commands and was

immediately arrested and searched, without probable cause.

109.    While being searched, Plaintiff observed an East Cleveland Police Department

cruiser arrive with Defendant John 1, as the driver and, Defendant John Doe 2, as the

passenger.

110.    Defendant John Doe 2 exited the passenger side of the police cruiser and

Defendant Allen placed Plaintiff in the back seat of the cruiser. Without a search or arrest

warrant, Defendant Allen, Defendant Malone and Defendant John Doe 2, entered

Plaintiff's business, Alyakaj Stop-N-Shop.[6]

111.    After Defendant Allen, Defendant Malone, and Defendant John Doe 2 entered

Plaintiff's business, Defendant Allen and Defendant John Doe 2 unlawfully detained

Plaintiff's juvenile daughter, Ja-Kayla Brown and Plaintiff's toddler, Jayden Brown.

112.    While Defendant Allen, Defendant Malone and Defendant John Doe 2 searched

Plaintiff's business, Demetrious Brantley, an employee and tenant of Plaintiff's, arrived

at the store to begin his shift.

113.    Defendant Allen, without probable cause, hand-cuffed and detained Mr. Brantley

and placed him in the police cruiser with Plaintiff. After detaining Brantley, Defendant

Moore arrived, and Defendant Malone and Defendant John Doe 2 exited Plaintiff's

business.

114.    Defendant Allen re-searched Plaintiff and removed Plaintiff's residential keys.

115.    Once in possession of Plaintiff's residential keys, Defendant Allen informed his

co-defendant, "To got to get to Lucille, in South Euclid"—Plaintiff's residence.

116.    Defendant Allen and Defendant John Doe 2 exited Alyakaj Stop-N-Shop, and

proceeded to Plaintiff's residence. Once there, without probable cause that a crime was

being committed, and without a lawful search warrant, Defendant Allen and Defendant

John Doe 2 searched Plaintiff's residence. Plaintiff and Mr. Brantley was booked into

East Cleveland City Jail.

117.    After Plaintiff was jailed, Plaintiff's business, residence in South Euclid, and

residential units located at 720 East 131 Street, Cleveland, Ohio 44108, was still being

---

[6] At the time of the incident, Plaintiff's business was located at a store front of a building owned by the mother of Plaintiff's children. The building includes, a store front, and four residential units.

searched. The search of Plaintiff's business and residential units were captured by

surveillance cameras, and revealed the following:

    i.    Defendant Malone and Defendant Moore searching Alyakaj Stop-N-Shop and all residential units;

    ii.    Defendant Malone and Defendant Moore exiting residential unit 3—Plaintiff personal residence—with a black bag;

    iii.    Defendant Malone and Defendant Moore re-entering Alyakaj Stop-N-Shop and unlawfully committing a theft, by taking U.S. Currency from the cash register and placing the stolen property into the stolen black bag;

    iv.    Defendant Malone and Defendant Moore entering the basement of Plaintiff's building, where Defendant Malone and Defendant Moore conducted more searches and emptied the contents of numerous shoe boxes;

    v.    Defendant Malone and Defendant Moore placing the stolen black bag inside a shoe box, and thereafter placing the shoe box inside another bag before proceeding up-stairs;

    vi.    Once up-stairs, Defendant Malone handed Defendant Moore the black bag—with Plaintiff's stolen property—and Defendant Moore exited Plaintiff's business and placed the black bag in an unmarked civilian car;

    vii.    Defendant Moore re-entered Alyakaj Stop-N-Shop and Defendant Malone and Defendant Moore continued searching Plaintiff's business, and all residential units;

    viii.    Defendant Malone and Defendant Moore vacated the premised, but only to return hours later with additional law enforcement officers and a search warrant;

    ix.    Defendant and other unknown officers kicked down the door to residential unit 4, and took multiple items and once again vacated the premises.

118.    The Defendants acting individually and in conjunction with each other,

unlawfully stole the following property from Plaintiff, during the unlawful searches of

Plaintiff's business and residence:

    i.    $10,000.00 in U.S. Currency (stolen from Plaintiff's residence, 4407 Lucille Avenue, South Euclid, OH 44121);

31

    ii.    $40,000.00 in U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    iii.    $40,000.00 in U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    iv.    Dewitt Diamond Ring valued at $5,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    v.    Ashcroft Diamond Earrings valued at $14,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    vi.    Ashcroft Diamond Earrings valued at $2,800.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    vii.    $150.00 U.S. Currency (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    viii.    $136.00 U.S. Currency (stolen from Plaintiff's persons);

    ix.    Cartier Glasses valued at $3,200.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    x.    Cartier Glasses valued at $1,700.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3);

    xi.    Diamonds in Cartier Glasses referenced in paragraph ix, above, valued at $1,000.00 (stolen from Plaintiff's residence, East 131 St., Cleve, OH 44108, Apt.# 3).

119.    Defendants, despite knowing that Plaintiff had not committed any crime, charge

Plaintiff without probable cause on November 7, 2013 via a Criminal Complaint in East

Cleveland Municipal Court, in a case styled *City of East Cleveland v. Jeffrey Brown*,

Case No. 13CRA01581, with:

    i.    Drug Possession in violation of R.C. 2925.11 (F5)—alleging Brown did have in his possession 158.00 grams of marijuana in separate packages;

    ii.    Drug Trafficking in violation of R.C. 2925.03 (F5)—alleging Brown did have in his possession 158.00 grams of marijuana separately wrapped for sale;

    iii.    Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)— did have in his possession a 9mm automatic pistol, serial#eak0401108;

      iv.    Having Weapons While Under Disability in violation of R.C. 2923.13 (F3)—did have in his possession a 45caliber automatic pistol, serial#rbt220; and,

      v.    Possession of Criminal Tools in violation of R.C. 2923.24 (F5)—did have in his possession $138.00 in U.S. Currency.

120.      As a result of the Criminal Complaint filed against Plaintiff, by the Defendants, Plaintiff was unlawfully and falsely imprisoned for four-days in East Cleveland City Jail, until Plaintiff posted bail in the amount of $2,500.00.

121.      After Plaintiff was released on bail, Defendants, despite knowing that Plaintiff had not committed any crime, furthered their prosecution without probably cause and proceeded to abuse the process by presenting false testimony and/or evidence to a Cuyahoga County Grand Jury, resulting in the grand jury returning an indictment against Plaintiff.

122.      In December 2013, Plaintiff was indicted in a seven-count indictment, in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, charging him with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe). *See, State v. Brown*, 2014-Ohio-5795, ¶ 2, 2014 Ohio App. LEXIS 5609 (Ohio Ct. App., Cuyahoga County, Dec. 31, 2014).

123.     Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 acting incompetently when engaging in the conduct above.

124.     The City of East Cleveland and the East Cleveland Police Department knew or should have known through proper supervision that Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 acted incompetently.

125.     Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2 actions proximately resulted in Plaintiff's loss of property, loss of liberty, loss of income, loss of past, present and future business opportunities, loss of consortium, and emotional distress and mental anguish.

126.     As a proximate cause of the City of East Cleveland and the East Cleveland Police Departments negligent supervision of Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, Plaintiff suffered the loss of property, loss of liberty, loss of income, loss of past, present and future business opportunities, loss of consortium, and emotional distress and mental anguish.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

XVI.     **COUNT 11: Intentional or Reckless Infliction of Severe Emotional Distress**

**Defendants Moore; Defendant Allen; Defendant Malone; Defendant John Doe 1; and Defendant John Doe 2; Defendant City of East Cleveland; Defendant City of East Cleveland Police Department; ABC & XYZ Insurance Carrier**
*(collectively referred to in Count 11 as ("Defendants")*

127.     Plaintiff incorporates by reference paragraphs 1-126 of this Complaint, as if fully re-written hereat.

128.     At all times relevant to this Count, Defendant Moore, Defendant Allen, Defendant Malone, Defendant John Doe 1, and Defendant John Doe 2, are and/or was law enforcement agents employed by the City of East Cleveland, Ohio, and was acting under color of State law.

129.     In concocting and fabricating unfounded charges and allegations against the Plaintiff and using those false charges and allegation to take Plaintiff's U.S. Currency, past, present and future business opportunities, liberty and loss of relationship with family and friends, in making false and damaging statements about Plaintiff –in all news publications, Police/Incident Reports; the Criminal Complaint filed in East Cleveland Municipal Court; and all false statements provided to the Cuyahoga County Prosecutor's Office—and in engaging in the other conduct alleged herein, the Defendant, each of them, engaged in outrageous conduct with the intentions of causing, or reckless disregard of the probability of causing, emotional distress. As a proximate and legal result, Plaintiff suffered severe emotional distress.

130.     Defendants acted either intentionally or recklessly and knew or should have known that their actions would result in serious emotional distress to plaintiff.

131.     Defendant's conduct exceeded all possible bounds of decency.

132.     Defendant's actions proximately caused Plaintiff to suffer psychological injuries and mental anguish.

133.    Plaintiff is expected medical expenses as a proximate result of his injuries in the amount of an amount to be proven at trial and expects to incur further expenses in the future.

134.    Plaintiff has sustained loss of earnings in the amount of exceeding $100,000.00 and expects to incur further such loss in the future.

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for compensatory damages in an amount exceeding $100,000.00 (one hundred thousand dollars) and $1,000.000.00 (one million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays judgment against each Defendant, separately and apart from each other, for:

A. **Count** 1: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

B. **Count 2**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

C. **Count 3**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

D. **Count 4**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

E. **Count 5**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000.000.00 (ten million dollars) in punitive damages

against Defendant separately and apart from each other, attorney fees and costs.

F. **Count 6**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

G. **Count 7**: Compensatory damages in an amount exceeding $25,000.00 (twenty-five thousand) and $1,000,000.00 (one million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

H. **Count 8**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

I. **Count 9**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

J. **Count 10**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

K. **Count 11**: Compensatory damages in an amount exceeding $1,000.000.00 (one million dollars) and $10,000,000.00 (ten million dollars) in punitive damages against Defendant separately and apart from each other, attorney fees and costs.

L. And any other relief this Court deems just and proper.

Respectfully submitted,

21 Lexington Square
Euclid, Ohio 44143

## VERIFICATION

I, the Plaintiff hereby state that I have read the foregoing Complaint and hereby verify that all statements and facts are true, correct and accurate to the best of my knowledge, understanding and belief.

Respectfully submitted,

21 Lexington Square
Euclid, Ohio 44143

## CERTIFICATE OF SERVICE

The Plaintiff, hereby certify that a true and accurate Complaint, with sufficient copies to serve on the Defendants, was sent to the Clerk's Office, via regular U.S. Mail, this 1st day of April, 2020, to be served on each Defendant in the caption of this Complaint.

Respectfully submitted,

21 Lexington Square
Euclid, Ohio 44143

**INSTRUCTIONS TO CLERK**: **Pursuant to Civ. R. 4.1(A)(1)(a), serve each Defendant in the Caption of this Complaint, at the address provided within the caption, with the instant Complaint and a Summons.**



**FILED**

Common Pleas Court of Cuyahoga County, Ohio

**DESIGNATION FORM TO BE USED TO INDICATE THE**

2020 APR 55

CLERK OF COURTS
CUYAHOGA COUNTY

*Jeffrey Brown*
**Plaintiff**

Judge:  NANCY A FUERST

CV 20 931724

Vs.
*City of East Cleveland* ~~Police Dept~~ Etal
**Defendant**

---

Has this case been previously filed and dismissed? Yes ☒ No ☐

Case #: *1118CVI92*     Judge: *Boyko*

Is this case related to any new cases now pending or previously filed? Yes ☐ No ☒

Case #: _____     Judge: _____

---

**CIVIL CLASSIFICATIONS:** *Place an (X) In ONE Classification Only.*

**Professional Torts:**
☐ 1311 Medical Malpractice
☐ 1315 Dental Malpractice
☐ 1316 Optometric Malpractice
☐ 1317 Chiropractic Malpractice
☐ 1312 Legal Malpractice
☐ 1313 Other Malpractice

**Product Liability:**
☐ 1330 Product Liability

**Other Torts:**
☐ 1310 Motor Vehicle Accident
☐ 1314 Consumer Action
☐ 1350 Misc. Tort

**Workers Compensation:**
☐ 1550 Workers Compensation
☐ 1531 Workers Comp. Asbestos

**Foreclosures:**
☐ Utilize Separate Foreclosure Designation Form

**Commercial Docket:**
☐ 1386 Commercial Docket
☐ 1387 Commercial Docket with Foreclosure

**Administrative Appeals:**
☐ 1540 Employment Services
☐ 1551 Other

**Other Civil:**
☐ 1500 Replevin/Attachment
☐ 1382 Business Contract
☐ 1384 Real Estate Contract
☐ 1388 Consumer Debt
☐ 1390 Cognovit
☐ 1391 Other Contacts
☐ 1490 Foreign Judgment
☐ 1491 Stalking Civil Protection Order
☒ 1501 Misc. Other
☐ 1502 Petition to Contest Adam Walsh Act
☐ 1503 Certificate of Qualification for Employment

---

**Amount of Controversy:**
☐ None Stated
☐ Less than $25,000
☒ Prayer Amount *4,000,000,000*

**Parties have previously attempted one of the following prior to filing:**
☐ Arbitration
☐ Early Neutral Evaluation
☐ Mediation
☒ None

---

*I certify that to the best of my knowledge the within case is not related to any now pending or previously filed, expect as noted above.*

*Jeffrey Brown*

*Firm Name (Print or type)*
*31 Lexington Square*

**Attorney of Record (Print or Type)**
_____

*Address*
*Euclid Oh 44143*

**Supreme Court #**
_____

*Address*
*216) 543-6949*
**Phone**

*Email Address*
*(Jeffrey Brown)*
**Signature**