Motion No. <u>4864124</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION TO DISMISS**
May 5, 2020 16:28

By: WILLA M. HEMMONS 0041790

Confirmation Nbr. 1993884

| | |
|---|---|
| JEFFREY BROWN | CV 20 931724 |
| vs. | |
| CITY OF EAST CLEVELAND ET AL | **Judge:** NANCY A. FUERST |

**Pages Filed:** 72

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

**JEFFREY BROWN**

*Plaintiffs,*

-vs-

**CITY OF EAST CLEVELAND,** et al.

*Defendants.*

)
)
)
)
)
)
)
)
)
)
)

**CASE NO. CV-20-931724**

**JUDGE NANCY A. FUERST**

**DEFENDANTS' MOTION TO DISMISS UNDER CIV.R. 12(B)(6), OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Defendants City of East Cleveland, City of East Cleveland Police Department, and City of East Cleveland Narcotics Detective Mark Allen respectfully move this Court to dismiss Plaintiff's claims against Defendants for failure to state a claim upon which relief can be granted under Civ.R. 12(B)(6). In the event this Court concludes that consideration of this Motion requires analysis of matters outside of the pleadings, Defendants request that this Motion be converted to a Motion for Summary Judgment under Civ.R. 56. A Brief in Support is attached.

Respectfully submitted,

*/s/ Willa Hemmons*
Willa Hemmons (0041790)
City of East Cleveland
Law Director
14340 Euclid Ave.
East Cleveland, OH 44112
Telephone: (216) 681-2170
Facsimile: (216) 420-8261
whemmons@eastcleveland.org
*Attorney for Defendants*
*City of East Cleveland and Mark Allen*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 5th day, of May, 2020 a true and accurate copy of the foregoing was served by electronic means and/or hand delivery and/or Regular U.S. Mail upon the following:

Jeffrey Brown
21 Lexington Square
Euclid, Ohio 44143
*Pro se*

Respectfully submitted,

/s/ *Willa Hemmons*
Willa Hemmons (0041790)
City of East Cleveland
Law Director
14340 Euclid Ave.
East Cleveland, OH 44112
Telephone: (216) 681-2170
Facsimile: (216) 420-8261
whemmons@eastcleveland.org

*Attorney for Defendants*
*City of East Cleveland and Mark*
*Allen*

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

JEFFREY BROWN )   CASE NO. CV-20-931724
)
    *Plaintiffs,* )   JUDGE NANCY A. FUERST
)
-vs- )   BRIEF IN SUPPORT OF
)   DEFENDANTS' MOTION TO
CITY OF EAST CLEVELAND, )   DISMISS UNDER CIV.R. 12(B)(6),
et al. )   OR IN THE ALTERNATIVE,
)   MOTION FOR SUMMARY
    *Defendants.* )   JUDGMENT
.)

## I.    INTRODUCTION

On January 25, 2018 Plaintiff Jeffrey Brown filed a 16 count complaint in the United

States District Court for the Northern District of Ohio asserting various federal and state claims

against Defendants. *Brown v. City of East Cleveland,* N.D. Ohio No. 1:18CV192, 2018 U.S.

Dist. LEXIS 142750 (August 22, 2018). The claims in that lawsuit were nearly identical to the

claims Plaintiff alleges here because they all arise from the November 5, 2013 incident. On

August 22, 2018 the court dismissed that case, without prejudice, for failure to prosecute.

On July 24, 2019, Brown refiled his previously dismissed complaint in federal court.

*Brown v. City of East Cleveland,* N.D. Ohio No. 1:19CV1694, 2019 U.S. Dist. LEXIS 192867

(November 6, 2019). The court subsequently dismissed that action, concluding that Plaintiff's

claims were barred by the statute of limitation.

Plaintiff allegations in this lawsuit also arise out of the November 5, 2013 incident and

are nearly identical to the claims set forth in the previously dismissed lawsuits filed by Plaintiff.

Plaintiff's claims are still barred by the applicable statute of limitations provided by the Revised

Code. Although Plaintiff separately named the East Cleveland Police Department in his

Complaint, the police department is not *sui juris,* and cannot be sued as a separate entity.

Furthermore, the city of East Cleveland and Detective Allen are immune from civil liability

under R.C. Chapter 2744. Plaintiff's claims are also barred under *res judicata* as they arise out of

the November 5, 2013 incident, which was the subject matter of the two previously dismissed

actions mentioned above.

## II.    STATEMENT OF FACTS[1]

According to his Complaint, on November 5, 2013, Jeffrey Brown was driving his car

when Defendants Officer Malone and Detective Allen pulled him over in front of a store owned

and operated by Brown. *See* Compl. at ¶ 15. According to Brown, Malone forced him out of his

car at gunpoint and searched Brown. Malone then placed Brown in handcuffs and put him in the

back seat of an East Cleveland police cruiser newly arrived on the scene. Malone and Allen then

searched Brown's business and detained Brown's children Ja-Kayla and Jayden as well as

Brown's employee Demetrious Brantley. Brown and Brantley were arrested and transported to

East Cleveland Jail.

The police officers, then went to Brown's residence and place of business and removed

money and valuables. According to Brown, the police officers had no search warrant and there

was no probable cause to search Brown's business and residence or to remove money and

valuables. Based on the Officers' false testimony, Brown was indicted on multiple offenses, pled

guilty to some of the offenses and served six months in prison. Shortly thereafter, Moore and

Malone were both indicted and convicted on multiple federal offenses and are presently serving

---

[1] The following recitation of facts is derived from Plaintiff's Complaint; and, are recited herein solely for the purposes of this motion

time in prison. Subsequently, on April 17, 2017, the Cuyahoga County Court of Common Pleas vacated Brown's conviction.

Although former East Cleveland Police Officers, Sgt. Torris Moore and Detective Antonio Malone were employees of the City of East Cleveland at all times relevant, in that the Complaint fully sets forth that their actions were in bad faith and outside the scope of their duties and/or responsibilities pursuant to R.C. 2744.07(c) the City of East Cleveland refuses to provide a defense for these Defendants.

## III.    LAW AND ARGUMENT

### A. Legal Standard

A motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *McDade v. City of Cleveland,* 2012-Ohio-5515, 8th Dist. Cuyahoga No. 98415, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 548, 605 N.E.2d 378. Under Civ.R. 12(B)(6), a court may dismiss a complaint if it appears beyond doubt that the plaintiff can prove no set of facts showing the plaintiff's entitlement to recovery. *Lisboa v. Reid,* 2011-Ohio-5842, 8th Dist. Cuyahoga No. 96704, citing *O'Brien v. Univ. Community Tenants Union,* 42 Ohio St.2d 242, 327 N.E.2d 753, syllabus. Furthermore, the complaint's material allegations and any reasonable inferences drawn therefrom must be construed in the nonmoving party's favor. *Maclin v. City of Cleveland,* 2015-Ohio-2956, 8th Dist. Cuyahoga No. 102417.

When the facts pleaded in a complaint demonstrably show that those claims were filed outside the statute of limitation and are time barred, the complaint may be dismissed under Civ.R. 12(B)(6). *Lisboa* at ¶ 7, citing *Doe v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. Furthermore, to survive a motion to dismiss, plaintiff

must demonstrate that a named party has the legal capacity to be sued. *McDade* at ¶ 10, citing *Richardson v. Grady,* 8th Dist. Cuyahoga Nos. 77381, 77403, 2000 Ohio App. LEXIS 5960 (December 18, 2000). An affirmative defense, such as statutory immunity, may be asserted through a motion to dismiss so long as the basis for the defense is apparent from the fact of the complaint. *Pierce v. Wyoma,* 2010-Ohio-5590, 8th Dist. Cuyahoga No. 94037, ¶ 38.

Generally, *res judicata* is not a defense that can be raised by a motion to dismiss under Civ.R. 12(B), because evidence outside the pleadings is required to prove the defense. *State et rel. Freeman v. Morris,* 62 Ohio St.3d 107, 579 N.E.2d 702 (1991). When a motion to dismiss for failure to state a claim upon which relief can be granted presents matters outside the pleadings, however, the matters shall be treated as a motion for summary judgment and disposed of as provided in Civ.R.56. *State ex rel. V Cos. v. Marshall*, 81 Ohio St.3d 467, 692 N.E.2d 198. Accordingly, court may only consider such matters outside the pleadings as are specifically enumerated in Civ.R. 56. *Id.*

Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing that evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *Id.*

**B. Plaintiff's claims against the city of East Cleveland are and Detective Allen are time barred.**

**1. Claims governed by the statute of limitations set forth in R.C. 2744.04(A)**

R.C. 2744.04(A) governs the statute of limitations in tort cases against political subdivisions and prevails over the general statutes of limitations contained in R.C. Chapter 2305. *Read v. City*

*of Fairview Park,* 146 Ohio App.3d 15, 19, 764 N.E.2d 1079 (8th Dist.2001). An action against a political subdivision for injury * * * allegedly caused by any act or omission in connection with a governmental or proprietary function * * * shall be brought within two years after the cause of action arose. *Id.* at 20.

At the latest, Plaintiff should have brought his claims against the city of East Cleveland and Detective Allen within two years after the vacation of his conviction, which occurred on April 17, 2017. In fact, the federal district court indicated April 17, 2017 as the triggering date for Brown to file a complaint in connection with the November 5, 2013 incident, *Brown* 2019 U.S. Dist. LEXIS 192867 * 8. Therefore, all of Plaintiff's claims against the city of East Cleveland and Detective Allen should be dismissed with prejudice, because under Ohio law, Plaintiff should have brought those claims by April 17, 2019. The statute of limitations, however, may be shortened if provided by the Revised Code. R.C. 2744.04(A).

## 2. Claims governed by statute of limitations set forth in R.C. 2305.11(A)

R.C. 2305.11(A) is applicable to Plaintiff's claims against the city of East Cleveland and Detective Allen in this lawsuit because it shortens the period to bring an action for malicious prosecution, false imprisonment, and false arrest. Under R.C. 2305.11, claims alleging malicious prosecution and false imprisonment must be commenced within one year after the cause of action accrued. *King v. Reed,* 8th Dist. Cuyahoga No. 51802, 1987 Ohio App. LEXIS 6809, *3 (Mar. 19, 1987).

Under R.C. 2305.11(A), Plaintiff's claim for malicious prosecution accrued and the statute of limitations for that claim began to run when Plaintiff's conviction was vacated. *See Fourtounis v. Verginis,* 8th Dist. Cuyahoga No. 102025, 2015-Ohio-2518 (explaining the one-year statute of

limitations in a malicious prosecution claim begins to run when the prosecution is terminated in favor of the accused).

Plaintiff's claims for false imprisonment and false arrest, on the other hand, accrued at the time of arrest on November 5, 2013. Compl. at ¶ 45, 53. *See King v. Reed* at \*4 (explaining plaintiff's claim for false arrest should have been filed on or before one year after the arrest and imprisonment occurred). In Ohio, false arrest includes false imprisonment. *Henderson v. City of Euclid,* 8th Dist. Cuyahoga No. 101149, 2015-Ohio-15.

Again, Plaintiff's conviction was vacated on April 17, 2017. Making the deadline to file his malicious prosecution claim April 17, 2018. Since the triggering event for the statute of limitations to begin is the date of arrest, as it relate for false arrest/imprisonment claims, Plaintiff's deadline to file those claims was November 5, 2014. Therefore, the following claims against the city of East Cleveland and Detective Allen should be dismissed with prejudice because, they are time barred under R.C. 2305.11(A):

    a. False Arrest (Compl. at Count 1);

    b. False Imprisonment (*Id.* at Count 2); and

    c. Malicious Prosecution (*Id.* at Count 3).

**3. Claims governed by statute of limitations set forth in R.C. 2305.111**

R.C. 2305.111 shortens the statute of limitations for assault and battery claims, making the statute of limitations for those claims one year. Generally, the statute of limitations beings to run at the time the wrongful act was committed. *Doe* at ¶ 21. Plaintiff alleges that the assault and battery occurred on or about November 7, 2013, making the deadline to file those claims November 7, 2014. Compl. at ¶ 69, 75. As such, the following claims against the city of East

Cleveland and Detective Allen Plaintiff's should be dismissed because they are time barred under R.C. 2305.111:

    a. Battery (Compl. at Count 4); and

    b. Assault (*Id.* at Count 5).

## C. The East Cleveland Police Department cannot be sued as a separate entity because it lacks the legal capacity to be sued.

To survive a motion to dismiss, Plaintiff must demonstrate that the City of East Cleveland Police Department has the legal capacity to be sued. "As a department of the city, which is also a named defendant, the police department is not *sui juris* and cannot be sued as a separate entity. Rather, it is subsumed within any judgment relating to the city." See *Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181 (8th Dist.), ¶ 1, fn. 1; *See also Burgess v. Doe*, 116 Ohio App.3d 61, 686 N.E.2d 1141 (12th Dist. 1996) (Lebanon Police Department dismissed as not being an entity with the capacity to be sued); *Wynn v. Butler Cty. Sheriffs Dept.*, 12th Dist. No. CA98-08-175, 1999 WL 160942, * 2 (Mar. 22, 1999) (police departments not real parties in interest).

Here, the East Cleveland Police Department is not *sui juris*, and can neither be sued nor may it be sued. Therefore, this Court is respectfully urged to dismiss, with prejudice, all Plaintiff's claims as against Defendant, the East Cleveland Police Department, as Plaintiff can prove no set of facts in support of his claim which would entitle him to relief, and thus, has failed to state a claim as against the East Cleveland Police Department.

## D. The city of East Cleveland and Detective Allen are statutorily immune from Plaintiff's intentional tort claims under R.C. Chapter 2744.

The city of East Cleveland and Detective Allen are immune from liability under R.C. Chapter 2744 and no exception to that immunity exists. The Ohio Supreme Court has set forth a three-

tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. City of Cleveland,* 83 Ohio St.3d 24, 28, 697 N.E.2d 610 (1998).The first tier of the analysis provides the general rule that a political subdivision is immune from liability for personal injuries allegedly caused by an act or omission of the subdivision or its employee in connection with a government or proprietary function. *Maclin* at ¶ 11, citing R.C. 2744.02(A)(1). The provision or nonprovision of police services is a governmental function. *Id.* at ¶ 14, citing 2744.01(C)(2)(a).

Immunity, however, is not absolute. The second tier of the analysis requires a determination of whether any of the exceptions enumerated in R.C. 2744.02(B) apply. The exceptions apply only when: (1) the injuries are caused by the negligent operation of a motor vehicle by an employee; (2) the injuries are caused by the negligent performance of an employee with respect to a proprietary function; (3) the injuries are caused by the failure to keep public roads, highways, and streets open, in repair, and free from nuisance; (4) the injuries are caused by negligence of an employee and is on the grounds of a building used for governmental purposes; or (5) the injuries are those for which liability is expressly imposed by the Ohio Revised Code. *Id.* at ¶ 12.

The third tier of the analysis is only necessary if any of the exceptions contained in 2744.02(B) are applicable. *Id.* at ¶ 13. If an exception exists, the political subdivision can reinstate immunity if it can show one of the defenses contained in R.C.2744.03 applies. *Id.*

It should be noted that R.C. 2744.02(B) includes no exception for intentional torts and Ohio courts have consistently held that political subdivisions are immune from intentional tort claims. *Chase v. Brooklyn Sch. Dist.,* 141 Ohio App.3d 9, 19, 749 N.E.2d 798 (8th Dist. 2001).

Relatedly, courts have determined that no section of the Revised Code expressly imposes liability upon a public agency for assault, battery, infliction of emotional distress, false arrest, malicious prosecution, or civil conspiracy. *Griffits v. Newburgh Heights,* 8th Dist. Cuyahoga No. 91428, 2009-Ohio-493, citing *Terry v. City of Columbus,* S.D. Ohio No. 2:06-CV-720, 2008 U.S. Dist. LEXIS 52519 (July 1, 2008) (under the second-tier of the analysis, the city remains entitled to immunity on claims for assault and battery, infliction of emotional distress, false arrest, and malicious prosecution); *Wilson v. Stark Cty. Dept. of Human Services,* 70 Ohio St.3d 450, 452, 639 N.E.2d 105 (1994) (under second tier of analysis, defendant was entitled to immunity on claim of intentional infliction of emotional distress); *Ramey v. Mudd,* 154 Ohio App.3d 582, 587-88, 2003-Ohio-5170, 798 N.E.2d 57 (4th Dist.) (finding immunity for assault and battery*); Lee v. City of Cleveland,* 151 Ohio App.3d 581, 587, 2003-Ohio-742, 784 N.E.2d 1218 (8th Dist.); *See also Digiorgio v. City of Cleveland,* 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 28 (explaining none of the exceptions to immunity in R.C. 2744.02(B) imposed liability for the supervision of a police force).

Here, the city of East Cleveland is a political subdivision within the meaning of R.C. Chapter 2744. Plaintiff's claims all stem from the City's provision of police services, a governmental function. Furthermore, none of the exceptions in R.C. 2744.02(B) apply and the City is immune from Plaintiff's intentional tort claims. Accordingly, this Court is respectfully urged to dismiss the following claims against the city of East Cleveland and Detective Allen, as they sound in intentional tort:

    a.   False Arrest (Compl. at Count 1)

    b.   False Imprisonment (*Id.* at Count 2)

    c.   Malicious Prosecution (*Id.* at Count 3)

d. Battery (*Id.* at Count 4)

e. Assault (*Id.* at Count 5)

f. Conversion (*Id.* at Count 6)

g. Trespass (*Id.* at Count 7)

h. Civil Conspiracy (*Id.* at Count 8)

i. Negligent Supervision (*Id.* at Count 10)

j. Intentional/Reckless Infliction of Severe Emotional Distress (*Id.* at Count 11)

**E. Alternatively, summary judgment should be granted in favor of the city of East Cleveland and Detective Allen because Plaintiff's claims are barred by *res judicata*.**

Even if Plaintiff has viable claims against the city of East Cleveland and Detective Allen, those claims should still be disposed in Defendants favor because the case against the City and Detective Allen, as alleged in Plaintiff's Complaint, has already been litigated. Accordingly, the city of East Cleveland and Detective Allen are entitled to judgment as a matter of law under Civ.R. 56. While the affirmative defense of *res judicata* is not appropriate for a motion to dismiss under Civ.R. 12, summary judgment under Civ.R. 56 is proper where *res judicata* applies. *State et rel. Freeman* at 109.

Under *res judicata,* a valid, final judgment rendered upon the merits bar all subsequest action based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action. *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382, 653 N.E.2d 226. The Ohio Supreme Court has identified four elements necessary to bar a claim under the doctrine of *res judicata*: (1) there is a final, valid decision on the merits by a court of competent jurisdiction; (2) the second action involves the same parties or their privies as the first; (3) the second action raises claims that were or could have been litigated in the first action; and (4) the second action

arises out of the transaction or occurrence that was the subject matter of the previous action. *Portage Cty. Bd. Of Commrs. v. City of Akron,* 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 84.

### 1. There is a final judgment on the merits by a court of competent jurisdiction.

The United States District Court for the Northern District of Ohio dismissed Plaintiff's claims on August 22, 2018 in Case No. 1:18CV192 for failure to prosecute. *See Brown v. City of East Cleveland,* 2018 U.S. Dist. LEXIS 142750 (August 22, 2018). Hemmons Aff. at ¶ 5,7. Plaintiff refiled his complaint in July 2019. *Id.* at ¶ 8. The court subsequently dismissed the refiled case on November 6, 2019. *See Brown v. City of East Cleveland, 2019 U.S. Dist. LEXIS 19286.* Hemmons Aff. at ¶ 9. There, the court found that the statute of limitations on Plaintiff's claims had expired, and thus Plaintiff's claims were time barred. The court's November 6, 2019 Order and Opinion is a final judgment on the merits. *Portis v. Greyhound Lines, Inc.,* 8th Dist. Cuyahoga No. 82800, 2003-Ohio-6044, ¶ 14 (explaining a final judgment of dismissal founded upon a statute of limitation is on the merits and may be the basis for finding of *res judicata* in a future litigation). The first prong of the test for the application of *res judicata* is, therefore, satisfied.

### 2. Privity exists between the city of East Cleveland, a party in the previous action, and Detective Allen.

Res judicata operates as a complete bar to any subsequent action on the same claim between the parties to the original action as well as those in privity with them. *Mosley v. Bank One, N.A.,* 8th Dist. Cuyahoga No. 94253, 2010-Ohio-3882, ¶ 9. As a general matter, privity is merely a word used to say that the relationship between the one which is a party on the record and another

is close enough to include that other within *res judicata*. *Brown v. Dayton,* 89 Ohio St.3d 245,248, 730 N.E.2d 958.

While Plaintiff named Detective Allen in case number 1:18CV692, the court there dismissed that case for failure to prosecute, which is not on the merits. Although the court dismissed Plaintiff's second action, case number 1:19CV1694, on the merits, Plaintiff named the city of East Cleveland, among other defendants, but not Detective Allen. Given the employee-employer relationship between Detective Allen and the city of East Cleveland, privity exists between the Defendants. Therefore, the second prong of the test for the application of *res judicata* is satisfied.

### 3. Plaintiff's claims should have been brought in the previous lawsuit and are barred by *res judicata.*

The third and fourth prong for the application of *res judicata* benefit from a combined analysis. The claims raised in this lawsuit should have been raised in the previously dismissed lawsuit filed under case number 1:19CV1694, because the claims here arise out of the same transaction or occurrence that was the subject matter of the previous action. For the purposes of *res judicata* analysis, a transaction is defined as a "common nucleus of operative facts." *Grava* at 382. Since Plaintiff's claims in this lawsuit and the previously dismissed lawsuit filed under case number 1:19CV1694 all arise from Plaintiff's November 5, 2013 arrest, those claims should have been raised in Plaintiff's 2019 lawsuit. Thus, the third and fourth prong of the *res judicata* analysis has been met. Therefore, as a matter of law, Defendants city of East Cleveland and Detective Allen are entitled to judgment on all Plaintiff's claims against them.

### IV.    CONCLUSION

Plaintiff had his chance, but he allowed the statute of limitations to expire. Therefore, a court with competent jurisdiction dismissed his claims. Plaintiff's claims remain outside of the

applicable statutes of limitations. Furthermore, the East Cleveland Police Department lacks the capacity to be sued. Additionally, the city of East Cleveland and Detective Allen have statutory immunity as it relates to Plaintiff's intentional tort claims. Therefore, Plaintiff cannot prove a set of facts in support of his claims which would entitle him to relief. Finally, Plaintiff's claims have already been litigated because they arise from his November 5, 2013, which was the same subject matter of the lawsuits he previously filed in 2018 and 2019. Thus, his claims are barred by the doctrine of *res judicata* as a matter of law. It is for these reasons that Defendants city of East Cleveland and Detective Allen urge this Court to dismiss all claims against them with prejudice as a matter of law.

Respectfully submitted,

*/s/ Willa Hemmons*
Willa Hemmons (0041790)
City of East Cleveland
Law Director
14340 Euclid Ave.
East Cleveland, OH 44112
Telephone: (216) 681-2170
Facsimile: (216) 420-8261
whemmons@eastcleveland.org

*Attorney for Defendants*
*City of East Cleveland and Mark*
*Allen*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing was electronically filed with the Court and served on this 5th day, of May, 2020 by electronic means and/or hand delivery and/or Regular U.S. Mail upon the following:

Jeffrey Brown
21 Lexington Square
Euclid, Ohio 44143
*Pro se*

Respectfully submitted,

/s/ *Willa Hemmons*
Willa Hemmons (0041790)
City of East Cleveland
Law Director
14340 Euclid Ave.
East Cleveland, OH 44112
Telephone: (216) 681-2170
Facsimile: (216) 420-8261
whemmons@eastcleveland.org

*Attorney for Defendants*
*City of East Cleveland and Mark*
*Allen*



STATE OF OHIO            )
                        )      **ss:**                    <u>**AFFIDAVIT**</u>
CUYAHOGA COUNTY          )

     Now Comes Affiant Willa Hemmons, Director of Law for the City of East Cleveland, who being first duly sworn deposes and states as follows:

     1.     Affiant makes this affidavit upon personal knowledge and affirms that the following is true and accurate to the best of her knowledge, information and belief.

     2.     I have been employed by the City of East Cleveland as the Director of Law/Prosecutor since January of 2015.

     3.     I am the attorney of record for Defendants City of East Cleveland, the East Cleveland Police Department and Detective Mark Allen and as such am fully familiar with the facts and circumstances in the above captioned action as set forth herein.

     4.     This affidavit is submitted in support of Defendants' Motion to Dismiss under Civ.R. 12(B)(6), or in the Alternative, Motion for Summary Judgment as Plaintiff's claims are barred by the applicable statutes of limitation and *res judicata.*

     5.     It is respectfully urged that Plaintiff's Complaint be dismissed in that the action is barred by *res judicata,* since identical actions have been dismissed by the United States District Court for the Northern District of Ohio on August 22, 2018 and November 6, 2019.

     6.     The first action, sounding in tort, was commenced by service of a summons and complaint in or about May 24, 2018. Defendants responded by filing a pre-answer motion to dismiss. The complaint is attached as Exhibit A, and the motion to dismiss is attached hereto as Exhibit B.

7.    On August 22, 2018, the court dismissed the first action, without prejudice, for failure to prosecute. The order of the court, Hon. Judge Christopher A. Boyko, is attached hereto as Exhibit C.

8.    On or about July 24, 2019, Plaintiff refiled his complaint and commenced a second action against Defendant City of East Cleveland on July 24, 2019. Defendants responded by filing a pre-answer motion to dismiss. The complaint and Defendants' motion to dismiss are attached hereto as Exhibits D and E, respectively.

9.    The second action was dismissed by the order of Hon. Christopher A. Boyko, upon granting Defendants City of East Cleveland and Officer Mark Allen's motion to dismiss, on the grounds that the claims therein were barred by the applicable statute of limitations. The order of the court, Hon. Judge Christopher A. Boyko, is attached hereto as Exhibit F.

10.    A final judgment of dismissal founded upon a statute of limitation is on the merits and may be the basis for finding of *res judicata* in a future litigation.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Signature of Affiant

Subscribed to and sworn to before me on this 5th day of May, 2020.

HEATHER MCCOLLOUGH, ATTY.
NOTARY PUBLIC • STATE OF OHIO
My commission has no expiration date
Section 147.03 O.R.C.
_____
Notary Public Commission Expires:

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

Jeffrey Brown,
17900 Delavan Street
Cleveland, Ohio 44119

    Plaintiff,

    vs.

City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112

    Defendant,

City of East Cleveland Police
Department, 14340 Euclid Avenue
East Cleveland, Ohio 44112

    Defendant,

Former City of East Cleveland
Police Officer Torris Moore
(*sued in her individual and official
capacity*) 14340 Euclid Avenue
East Cleveland, Ohio 44112

    Defendant,

Former City of East Cleveland
Police Officer Antonio Malone
(*sued in his individual and official
capacity*) 14340 Euclid Avenue
East Cleveland, Ohio 44112

    Defendant,

City of East Cleveland  Police
Officer Mark Allen (*sued in his
individual and official capacity*)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No:

District Judge:

Magistrate Judge:

# 1 : 18  CV   192

**Complaint under 42 § U.S.C.
1983, 42 U.S.C. § 1985, 42 U.S.C
§ 1986, and State Law Claims**

**Demand for Jury Trial
Endorsed Herein**

JUDGE BOYKO

**MAG. JUDGE GREENBERG**

2018 JAN 25 AM 10: 2~
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

1

EXHIBIT

A

PENGAD 800-631-6989

14340 Euclid Avenue )
East Cleveland, Ohio 44112 )
)
      Defendant, )
)
City of East Cleveland Police )
Officer John Doe 1 (*sued in his* )
*Individual and official*) )
14340 Euclid Avenue )
East Cleveland, Ohio 44112 )
)
      Defendant, )
)
City of East Cleveland Police )
Officer John Doe 2[1] (*sued in his* )
*Individual and official*) )
14340 Euclid Avenue ))
East Cleveland, Ohio 44112 )
)
      Defendant, )
)
ABC & XYZ Insurance Carriers )
Providing occurrence Coverage )
Police Activities Such As )
Identified & Verified Herein )
14340 Euclid Avenue )
East Cleveland, Ohio 44112 )
)
      Defendant, )

## I. PRELIMINARY STATEMENT

1. Plaintiff, Jeffrey Brown, bring this action pursuant to 42 U.S.C. § 1983,

   42 U.S.C. § 1985, 42 U.S.C. § 1986 and State law claims for

   compensatory and punitive damages, arising from the unlawful arrest,

---

1 Plaintiff is unaware of the name of certain defendants, therefore Plaintiff bring suit
against unnamed 'John Doe 1' and "John Doe 2' defendants until discovery or other
information reveals the identity of the parties." See, *Brown v. Owens Corning Inv.
Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010) (holding Plaintiffs are permitted to
bring suit against unnamed "John Doe" defendants until discovery or other information
reveals the identity of the party.)

2

detainment, malicious prosecution and the defamation caused by the City of East Cleveland Ohio, the City of East Cleveland Ohio Police Department, Former City of East Cleveland Police Officer Torris Moore, Former City of East Cleveland Police Officer Antonio Malone, City of East Cleveland Police Officer Mark Allen, City of East Cleveland Police Officer John Doe 1, City of East Cleveland Police Officer John Doe 2, and ABC & XYZ Insurance Carrier Providing occurrence Coverage for Police Activities.

## II. JURISDICTION AND VENUE

2. This action arises under the Fourth and Fourteenth Amendments of the United States Constitution, and as such, is subject to federal law, particularly under 42 U.S.C. § 1983, 42 U.S.C. § 1984, 42 U.S.C. § 1985, 42 U.S.C. § 1986. This action also arises under State law claims.

3. Jurisdiction is conferred upon this federal court pursuant to 28 U.S.C. § 1331. State law claims are covered by supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. The fraudulent act, the alteration of public records and other crimes, having taken place in the past have been discovered in the last four years since the Plaintiff was tried and as such by the named defendants in this matter, committed acts that constitute fraud, no statute of limitation or exceptions of the prescription are applicable to fraud, alteration of public records, and crimes set forth herein. The

3

commission of these crimes, conflicts, and the related acts of Terrorism and Treason under the states and federal law in violation of their oaths or public office was ongoing at the time.

5. The incidents set forth herein and which are the subject of this Complaint occurred in Cuyahoga County, Ohio, thus venue is properly laid in the United States District Court for the Northern District of Ohio, pursuant to 28 U.S.C. § 1391(b).

### III.PARTIES

6. At all times relevant to the claims in this complaint, Plaintiff Jeffrey Brown is a citizen of the United States and is a residents of Cuyahoga County in the State of Ohio.

7. At all times relevant to this claim, Defendant Torris Moore, was a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Torris Moore, in the United States District for the Northern District of Ohio, East Division, in *United States v. Moore*, Case No. 1:15CR363 (N.D. Ohio). Defendant Moore's actions are among the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department,

4

Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

8. At all times relevant to this claim, Defendant Antonio Malone, was a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Antonio Malone, in the United States District for the Northern District of Ohio, East Division, in *United States v. Malone, et al.*, Case No. 1:15CR373 (N.D. Ohio). Defendant Malone's actions are among the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department, Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

9. At all times relevant to this claim, Defendant Mark Allen, was and is a member of the East Cleveland Police Department, in the State of Ohio, who at all times pertinent hereto did commit the acts and crimes against the Plaintiff Jeffrey Brown, verified herein and further proved by the public records related to the charges and convictions of former office Mark Allen, in the United States District for the Northern District of Ohio, East Division. Defendant Allen's actions are among

5

the cause-in-fact probative of the injuries and violations of the rights of Plaintiff Jeffrey Brown, acting in solidarity and conjunction with the other defendants – including the East Cleveland Police Department, Ohio – in violation of Plaintiff's civil rights as protected by the United States Constitution as well as those of the State of Ohio.

10. Defendant City of East Cleveland and Its East Cleveland Police Department, is being sued in its official capacity as overseer of Its law enforcement agencies for the City of East Cleveland, Ohio. The named Defendants through their public offices violated Plaintiff righs as those rights are expressly guaranteed and protected under the United States Constitution.

   A) At all times pertinent hereto, Defendants acting under color of state law, are responsible for the actions and inactions of their subordinates as they relate to the violations of Plaintiff Jeffrey Brown's civil rights, in the following non-exhaustive particulars:

   i. Failure to properly hire, train, instruct, discipline and/or supervise the officers under their authority;

   ii. Failure to adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland Police Department;

   iii. Condoning a pattern, practice and/or custom of police officer intimidation and abuse, and by failing to take appropriate and reasonable measures to ensure that the members of the general public are protected from unlawful searches, seizures, and extortion by members of the Defendants offices and departments;

11. All of the acts and omissions alleged herein are established customs,

6

policies and practices, which, among others, have the effect of depriving Plaintiff Jeffrey Brown of his right to due process of the law, including freedom from unreasonable searches and seizures, as well as other rights privileges and immunities secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to Constitution of the United States and the Constitution and Laws of the State of Ohio, which directly and proximately caused damages complained of herein.

12. Defendant John Doe 1, natural persons including other defendants named herein, as well as those who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who violated Plaintiff's rights under the United States Constitution and the amendments thereto, and Plaintiff's rights under federal laws, including but not limited to violations of the Constitution of the States of Ohio, and Ohio Laws.

13. Defendant John Doe 2, natural persons including other defendants named herein, as well as those who have not been identified by name, but who did conspire with co-defendants variously, and were the persons who violated Plaintiff's rights under the United States Constitution and the amendments thereto, and Plaintiff's rights under federal laws, including but not limited to violations of the Constitution of the States of Ohio, and Ohio Laws.

14. Defendant ABC & XYZ Insurance Carriers Providing occurrence

7

Police Activities Coverage, is being sued as the insurer of the Defendants.

## IV. VERIFIED AND CERTIFIED STATEMENT OF THE FACTS BY PLAINTIFF JEFFREY BROWN

15. Plaintiff Jeffrey Brown was and is an adult, the age of majority for the State of Ohio, who at all times pertinent hereto was a citizen and resident of the State of Ohio and whose rights were protected by the Constitution and laws of the State of Ohio as well as by those of the United States of America.

16. Plaintiff Jeffrey Brown has personal knowledge of the facts stated and verified below.

17. On November 5, 2013, Plaintiff Jeffrey Brown was driving his vehicle down East 131st Street, in Cleveland, Ohio, when Defendant Malone and Defendant Allen, without probable cause, pulled Plaintiff over.[2]

18. Plaintiff stopped in front of his business/store: Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108.[3]

19. Defendant Allen exited the Lincoln Navigator, with his gun drawn, and ran to the drivers' side of Plaintiff's vehicle.

20. Defendant Allen opened Plaintiff driver's side door and violently pressed a gun into Plaintiff's ribs and demanded Plaintiff to exit the

---

2 Defendant Allen and Defendant Malone was operating an unmarked police vehicle, to wit: a Lincoln Navigator.

3 Plaintiff did not commit any traffic violation to justify a traffic stop, nor was Plaintiff committing or attempting to commit any crime when Defendant Allen and Defendant Malone effectuated the unlawful traffic stop.

8

vehicle.

21. The Plaintiff complied with Defendant Allen's command and was immediately unconstitutionally arrested and searched.

22. While being searched, Plaintiff observed an East Cleveland Police Department cruiser drive up with Defendant John Doe 1 as the driver and Defendant John Doe 2 as the passenger.[4]

23. Defendant John Doe 2 exited the passenger side of the police cruiser and Defendant Allen placed Plaintiff in the back seat of the cruiser.

24. Without a search or arrest warrant, Defendant John Allen, Defendant Malone and Defendant John Doe 2 entered Plaintiff's business: Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108.[5]

25. After Defendant John Allen, Defendant Malone and Defendant John Doe 2 entered Plaintiff's business, Defendant John Allen, Defendant Malone and Defendant John Doe 2 unlawfully detained Plaintiff's daughter Ja-Kayla Brown, and Plaintiff's son Jayden Brown.

26. While Defendant Allen, Defendant Malone and Defendant John Doe 2 was searching Plaintiff's business/store, Demetrious Brantley, who is Plaintiff's tenant and employee, arrived at the store to begin his work day.

---

4  Plaintiff recall Defendant John Doe 1 speaking with an African dialect. Furthermore, on information and belief, Plaintiff asserts Defendant John Doe 2 is the twin brother or sibling of Defendant Malone.
5  720 East 131st Street, Cleveland, Ohio 44108, is an apartment building, that was at the time of the acts alleged herein owned by the mother of Plaintiff's children. The building includes a store front, three residential units on the second level and one residential unit on the first level.

9

27. Defendant Allen immediately detained and hand-cuffed Demetrious Brantley and placed him in the police cruiser with Plaintiff.

28. After Demetrious Brantley was detained, Defendant Torris Moore arrived at the scene, and Defendant Malone and Defendant John Doe 2 exited Plaintiff's store.

29. Defendant Allen re-searched Plaintiff and removed Plaintiff's residential keys for Plaintiff's house in South Euclid, Ohio, and said to his co-defendants: "We got to get to Lucille, in South Euclid."

30. Defendant Allen and Defendant John Doe 2 left Alyakaj Stop-N-Shop, at 720 East 131st Street, Cleveland, Ohio 44108 and proceeded to search Plaintiff's residence at 4407 Lucille Avenue, South Euclid, Ohio, 44121.

31. Plaintiff and Demetrious Brantley was taken to the East Cleveland City Jail.

32. After Plaintiff was taken to the East Cleveland City Jail, 720 East 131st Street, Cleveland, Ohio 44108 and 4407 Lucille Avenue, South Euclid, Ohio, 44121, was being searched, however unbeknownst to all Defendants, 720 East 131st Street, Cleveland, Ohio 44108 was monitored by surveillance cameras that captured the following:

   i. Defendant Malone and Defendant Moore searching Alyakaj Stop-N-Shop and all residential units;

   ii. Defendant Malone and Defendant Moore exiting residential unit 3 – Plaintiff's personal residence – with a black bag;

10

  iii. Defendant Malone and Defendant Moore re-entering Alyakaj Stop-N-Shop and stealing all U.S. currency inside of the cash register and placing the stolen U.S. Currency into the stolen black bag;

  iv. Defendant Malone and Defendant Moore proceeding to the basement of 720 East 131st Street, Cleveland, Ohio 44108, where Defendant Malone and Defendant Moore searched and emptied the contents of numerous shoe boxes;

  v. Defendant Malone and Defendant Moore placing the stolen black bag inside a shoe box and putting the shoe box inside another bag and proceeding back up-stairs;

  vi. Once up-stairs, Defendant Malone handed Defendant Moore the black bag that contained stolen contents and Defendant Moore exited the store and placed the black bag and the stolen contents therein inside an unmarked civilian car;

  vii. Defendant Moore re-entered Alyakaj Stop-N-Shop and Defendant Malone and Defendant Moore continued searching the premises, including all residential units;

  viii. Defendant Malone and Defendant Moore vacated the premises only to returned hours later with additional officers and a search warrant;

  ix. Defendant Malone and other unknown officers kicked down the door to residential unit 4, took multiple items and vacated the premises.

33. The Defendants acting individually and in conjunction with each other, unlawfully stole the following property from Plaintiff, during the unconstitutional and unlawful search of 720 East 131st Street, Cleveland, Ohio 44108 and 4407 Lucille Avenue, South Euclid, Ohio, 44121:

  i. $10,000.00 in U.S. Currency (4407 Lucille Avenue, South Euclid, Ohio, 44121);

11

> ii. $40,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> iii. Dewitt Diamond Ring valued at $5,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> iv. Ashcroft Diamond Earrings valued at $14,000.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> v. Ashcroft Diamond Earrings valued at $2,800.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> vi. $150.00 in U.S. Currency from cash register (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> vii. $136.00 in U.S. Currency from Plaintiff's persons;
>
> viii. Cartier Glasses valued at $3,200.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> ix. Cartier Glasses valued at $1,700.00 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);
>
> x. Diamonds in Cartier Glasses referenced in paragraph viii above, valued at $1,000 (720 East 131st Street, Cleveland, Ohio 44108, Apt. No. 3);

34. Defendants, despite knowing that Plaintiff had not committed any crime, charged Plaintiff without probable cause on November 7, 2013 via a Criminal Complaint in the East Cleveland Municipal Court, in a case styled *City of East Cleveland v. Jeffrey Brown*, Case No. 13CRA01581, with:

> i. Drug Possession in violation of R.C. 2925.11 (F5) (Did have in his possession 158.00 grams of marijuana in separate packages);
>
> ii. Drug Trafficking in violation of R.C. 2925.03 (F5) (did have 158.00 grams of marijuana separtely wrapped for sale);

12

      iii. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 9mm automatic pistol serial#eak040108);

      iv. Having Weapons While Under Disability in violation of R.C. 2923.13 (F3) (Did have in his possession a 45 caliber automatic pistol serial#rbt220); and,

      v. Possession of Criminal Tools in violation of R.C. 2923.24 (F5) (Did have in his possession $138.00 U.S. Currency)

35. As a result of the Defendants Criminal Complaint, Plaintiff unlawfully and unconstitutionally spent four (4) days in the East Cleveland City Jail until Plaintiff payed $2,500.00 to post bond.

36. After Plaintiff was released on bail, Defendants, despite knowing that Plaintiff had not committed any crime, the Defendants furthered their prosecution without probable cause and proceeded with criminal prosecution up through and including testimony before a Grand Jury in December of 2013, resulting in an indictment being filed against Plaintiff.[6]

37. Upon advice of counsel, and to avoid further charges being fraudulently added and/or the possibility of the maximum sentence, the Plaintiff pleaded guilty to an amended Count 4, a third-degree

---

6 Plaintiff appealed his convictions in State v. Brown, Cuyahoga App. No. 101427, 2014-Ohio-5795, 2014 Ohio App. LEXIS 5609, which reveal Plaintiff was charged via an indictment relative to the facts herein in State v. Brown, Cuyahoga C.P. Case No. CR-13-580090-A, with a seven-count indictment, charging Plaintiff with four counts of drug trafficking, and one count each of drug possession, possessing criminal tools, and having weapons while under disability. One of the trafficking counts (Count 4) contained one-year firearm, juvenile, and schoolyard specifications, as well as four forfeiture specifications (two gun, one money, and one safe). The drug possession count (Count 5) also contained a one-year firearm specification, as well as four forfeiture specifications (two gun, one money, and one safe). The possessing criminal tools count contained four forfeiture specifications (two gun, one money, and one safe). Id., at ¶ 2.

13

felony, with the amendment being the deletion of the firearm, juvenile, and schoolyard specifications, and received and served 6 months in prison.

38. In 2016, the Plaintiff filed *Motion to Withdraw Guilty Plea* pursuant to Ohio Crim. R. 32.1 on the basis that his conviction and plea was constitutionally infirm in *State v. Jeffrey Brown*, Cuyahoga Case No. CR-580090, because East Cleveland Police Sergent Torris Moore, East Cleveland Narcotics Detective Antonio Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer intentionally falsifying, fabricating and manufacturing false evidence and charges against Plaintiff, which ultimately resulted in Plaintiff's unconstitutional conviction and confinement.

39. On December 13, 2016, the State of Ohio acting through the Cuyahoga County Prosecutor's Office filed a *Motion to Vacate Conviction and Sentence* in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A, asserting Plaintiff was flagrantly deprived of his due process rights under the federal constitution and suffered a loss of liberty due to East Cleveland Police Sergent Torris Moore, East Cleveland Narcotics Detective Antonio Malone, East Cleveland Narcotics Detective Mark Allen, and another unknown officer intentionally falsifying, fabricating and manufacturing false evidence and charges against Plaintiff, which ultimately resulted in Plaintiff's

14

unconstitutional conviction and confinement.

40.Judge John Russo, the Administrative Judge for Cuyahoga County
Common Pleas Court, conducted a hearing on the State's *Motion to
Vacate Conviction and Sentence* and Plaintiff's *Motion to Withdraw
Guilty Plea*, wherein former Cuyahoga County Prosecutor Timothy
McGinty unequivocally stated on the record:

> **MR. McGINTY:** Your Honor, the State would
> like to thank everyone that we thanked before
> on the other cases we are dismissing, the East
> Cleveland Police, the chief for his
> cooperation.... And in addition I would also like
> to thank defendant's counsel in this case,
> because Mr. Gilbert supplied evidence that
> showed in this case, that docket, and I am not
> familiar with the facts, Tr. P. 7: 14-25, I was at
> one time, I don't have the recall of the
> Cleveland cases, but in the East Cleveland
> case *Mr. Gilbert supplied the evidence that
> showed his actual innocence. They have a
> video recording of the store on 131st
> where he worked and the police claim that
> they retrieved 83 bags of marijuana at this
> dealer, at the store of the defendant, and
> the film showed no such thing. There was
> not 83 bags. There is nothing but money
> taken by these thieving police officers,*
> who disgraced the uniform, disgraced the
> badge and are in prison where they belong.

> **THE COURT:** Thank you, Mr. McGinty.

> With that being said this Court will go ahead
> and grant the order of vacation of conviction
> filed by the State of Ohio, vacating both the
> sentence, plea and conviction of Mr. Brown.

See, December 29, 2016, Transcript's at P. 8: 1-20, that will be provided
through discovery.

15

41. Judge John Russo granted the State's *Motion to Vacate Conviction and Sentence* and Plaintiff's conviction was vacated with prejudice, on April 17, 2017. The April 17, 2017 will be provided to all parties via discovery.

42. Plaintiff served sixth (6) months in prison and jail from the date he was placed in custody after being sentenced in *State v. Brown*, Cuyahoga C.P. Case No. CR-13-580090-A.

43. The injuries for which the Plaintiffs are seeking compensation herein are for the illegal arrest and detention; assault, malicious prosecution; defamation and damage to Plaintiffs' reputations, both personal and professional; and other constitutional violations that caused the Plaintiffs harm. Said wrongs, acts, and violations have caused Plaintiffs harm, injury and damages as follows:

    A) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been deprived of income;

    B) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have suffered physical harm in the form of tension, headaches, stomach aches, sleeplessness, nervousness, anxiousness, fear and dread;

    C) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

    D) As a direct and proximate result of the aforesaid wrongful acts of the Defendants, Plaintiff have sustained damages due to loss of reputation,

16

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO.: 1:18CV-192 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE JUDGE |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CITY OF EAST CLEVELAND, *et al.*, | ) | GREENBERG |
| | ) | |
| Defendants. | ) | |

### DEFENDANTS' MOTION TO DISMISS
### FOR FAILURE TO STATE A CLAIM

NOW Comes Defendants, the City of East Cleveland, the East Cleveland Police Department (ECPD) and City of East Cleveland Police Officer Mark Allen (Officer Allen) by and through their undersigned counsel of record; and, pursuant to Civ.R. 12(B)(6) hereby respectfully moves this Court to enter an Order dismissing Plaintiff Jeffrey Brown's ("Jeffrey Brown") Complaint for failure to state a claim upon which relief may be granted, as well as being time barred.

**EXHIBIT**

A

As more fully set forth in the *Brief in Support*, in that: (i) Defendant, the ECPD is not *sui juris*; (ii) Jeffrey Brown's Complaint fails to state a claim upon which relief may be granted as being time barred; and (iii) the City of East Cleveland is immune from intentional torts; this Court should accordingly, enter an Order dismissing Jeffrey Brown's Complaint with prejudice as against the East Cleveland Defendants.[1]

Respectfully submitted,

*/s/ Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for Defendants, City of East Cleveland
East Cleveland Police Department, and
Officer Mark Allen

---

[1] The City, ECPD and Officer Mark Allen are collectively referred to as the "East Cleveland Defendants."

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BROWN,** | ) | **CASE NO.: 1:18CV-192** |
| | ) | |
| Plaintiff, | ) | **THE HONORABLE JUDGE** |
| | ) | **BOYKO** |
| v. | ) | |
| | ) | |
| **CITY OF EAST CLEVELAND,** *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## INTRODUCTION.[2]

Three former East Cleveland Police Officers, Sgt. Torres Moore, Detective Antonio

Malone and Detective Eric Jones (the Former Police Officers) were arrested in 2015, charged

and later convicted of conspiring to illegally seize tens of thousands of dollars from suspected

drug dealers.[3]

In his *Verified and Certified Statement of the Facts*, Jeffrey Brown claims that, on or

about November 5, 2013, in the absence of probable cause the Former Police Officers, Officer

Mark Allen and/or Defendant John Does, stopped him while he was driving his vehicle. (See

Doc. No. 1 at ¶ 8.)

Jeffrey Brown further asserts that the traffic stop occurred in front of his

business/store: Alyakaj Stop-N-Shop. Id. at ¶ 17. Jeffrey Brown then asserts that

---

[2] The following recitation of facts is derived from Plaintiff's Complaint; and, are recited herein solely for the
purposes of the motion to dismiss.

[3] Although former East Cleveland Police Officers, Sgt. Torris Moore and Detectives Antonio Malone and Eric Jones
were employees of the City of East Cleveland at all times relevant, in that the Complaint fully sets forth that their
actions were in bad faith and outside the scope of their duties and/or responsibilities pursuant to R.C. 2744.07(c) the
City of East Cleveland refuses to provide a defense for these Defendants.

subsequently a warrantless search was conducted on the premises of Alyakaj Stop-N-Shop; where various unaccounted for items were unlawfully seized.

On October 7, 2015, Defendant Moore was indicted for various criminal offenses in Northern District of Ohio Case: 1:15-cr-00363 that were related to conduct similar to the allegations herein. Thereafter, on October 8, 2015, Defendants, Malone and Jones, were charged with various criminal offenses in Northern District of Ohio Case: 1:15-cr-00373 that were related to conduct similar to the allegations herein.

Following Defendant Moore's plea of guilty to violations of 18 U.S.C 241, 18 U.S.C 1951, 18 U.S.C 666(a)(1)(A), and 18 U.S.C. 1001, she was convicted and sentenced to serve 108 months with the Bureau of Prisons on or about April 5, 2016.

Following his plea of guilty to violations of 18 U.S.C § 241 and 18 U.S.C § 1951, Defendant JONES was convicted and sentenced to serve 46 months with the Bureau of Prison on or about April 11, 2016.

Following his plea of guilty to violations of 18 U.S.C § 241 and 18 U.S.C § 1951, Defendant MALONE was convicted and sentenced to serve 71 months with the Bureau of Prison on or about April 19, 2016.

On December 13, 2016 the State filed its *Motion to Vacate Jeffrey Brown's Conviction and Sentence*. Thereafter, on April 17, 2017 Jeffrey Brown's conviction was vacated with prejudice.

On January 25, 2018 Plaintiff Jeffrey Brown filed a 16 count Complaint asserting various federal and state claims which he alleges arose out of his warrantless November 5, 2013 arrest. (See Doc. 1 at para. 21).

Thereafter, Jeffrey Brown has asserted as against the City of East Cleveland, the ECPD, Moore, Allen, Malone and John Doe 1 and 2, an action for Civil Conspiracy. (Id. at Count 10). Finally Jeffrey Brown has asserted as against all Defendants a claim for Violation of Racketeer Influenced and Corrupt Organizations.

As more fully set forth hereinafter, this Court must find that: (i) Defendant, the East Cleveland Police Department is not *sui juris*; (ii) an examination of Jeffrey Brown's Complaint finds that he has failed to state a claim upon which relief may be granted as his claims are time barred; and (iii) the City of East Cleveland is immune from intentional torts. Accordingly, this Court should enter an Order dismissing the Complaint against the City of East Cleveland and the East Cleveland Police Department.

## LAW AND ANALYSIS

### I.    STANDARD OF REVIEW.

A motion to dismiss for failure to state a claim on which relief can be granted is procedural and tests the sufficiency of the complaint. *Cleveland v. JP Morgan Chase Bank, N.A.,* 8th Dist. Cuyahoga No. 98656, 2013-Ohio-1035, citing *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.,* 65 Ohio St.3d 545, 1992-Ohio-73, 605 N.E.2d 378.

It is well settled that when a party files a motion to dismiss for failure to state a claim, all factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the nonmoving party. *FCR Project, L.L.C v. Canepa Media Solutions, Inc.,* 8th Dist. Cuyahoga No. 97845, 2013-Ohio-259, citing *Byrd v. Faber,* 57 Ohio St.3d 56, 60, 565 N.E.2d 584 (1991).

However, "unsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *U.S. Bank Natl. Assn. v. Perry,* 8th Dist.

Cuyahoga No. 99608, 2013-Ohio-3814, citing *State ex rel. Hickman v. Capots,* 45 Ohio St.3d

324, 324, 544 N.E.2d 639 (1989). For a defendant to prevail on the motion, it must appear from

the face of the complaint that the plaintiff can prove no set of facts that would justify a court in

granting relief. *Id.,* citing *O'Brien v. Univ. Comm. Tenants Union, Inc.,* 42 Ohio St.2d 242, 245,

327 N.E.2d 753 (1975).

     The foregoing standard of review is also applicable in regards to the Defendants claim

that the state claims have not been timely asserted. In this regard the Ohio Supreme Court has

held that the trial court should not grant the motion to dismiss "unless it appears beyond doubt

that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *O'Brien v. Univ. Community Tenants Union, Inc.,* 42 Ohio St.2d 242, 245, 327 N.E.2d

753 (1975). If the court can determine from the face of the complaint that the action is barred by

the statute of limitations, the court may dismiss the complaint pursuant to Civ.R. 12(B)(6). *Doe

v. Archdiocese of Cincinnati,* 109 Ohio St.3d 491, 2006-Ohio-2625, 849 N.E.2d 268, ¶ 11. The

court must accept all of the factual allegations of the complaint as true and construe all

reasonable inferences in favor of the plaintiff *Mitchell v. Lawson Milk Co.,* 40 Ohio St.3d 190,

192, 532 N.E.2d 753 (1988). We review the trial court's ruling on this type of motion under a de

novo standard of review. *Perrysburg Twp. v. Rossford,* 103 Ohio St.3d 79, 2004-Ohio-4362, 814

N.E.2d 44, ¶ 5.

     In order to determine the applicable statute of limitations for a particular claim, courts

must look to the actual nature or subject matter of the acts giving rise to the complaint rather than

the form in which the action is pleaded. *Id; Love v. Port Clinton,* 37 Ohio St.3d 98, 99, 524

N.E.2d 166 (1988). A party cannot transform one cause of action into another through clever

pleading or an alternate theory of law in order to avail itself of a more satisfactory statute of

limitations. *Callaway v. Nu-Cor Automotive Corp.,* 166 Ohio App.3d 56, 2006-Ohio-1343, 849 N.E.2d.

As more fully set forth hereinafter in that the ECPD is not *sui juris,* and may neither sue nor be sued this Court must dismiss the Complaint against this Defendant with prejudice. Furthermore, and in the absence of operative facts to support his claims, the allegations in Jeffrey Brown's Complaint amount to unsupported conclusions and are insufficient to withstand a motion to dismiss. Accordingly, this Court must enter an Order dismissing Plaintiff Jeffrey Brown's Complaint.

**I.   DEFENDANT THE EAST CLEVELAND POLICE DEPARTMENT IS NOT *SUI JURIS*; AND CAN NEITHER SUE OR BE SUED; ACCORDINGLY, PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM, AND THE EAST CLEVELAND POLICE DEPARTMENT MUST THEREFORE BE DISMISSED AS A PARTY.**

Supporting the contention, that the East Cleveland Police Department lacks the capacity to sue or be sued, it is observed that, by authority of R.C. § 715.05, municipal corporations are granted authority to organize and maintain police departments. Furthermore, and pursuant to R.C. § 715.01, the Ohio General Assembly has provided municipal corporations with the power to sue and be sued.

Observing that there is absent any statutory authority providing a municipality with the authority to delegate its right to sue or subrogate its liability, it is urged that the East Cleveland Police Department, a sub-unit of the East Cleveland city government, is merely a conduit by which the City of East Cleveland fulfills its policing functions. See *Shelby v. City of Atlanta,* 578 F.Supp. 1368 (N.D.GA. 1984); *Elam v. Montgomery County,* 573 F.Supp. 797 (S.D.Ohio 1983).

Further observing that the term "sui juris" is defined as "[o]f full age and capacity." *Doe v. Knights of Columbus*, 3:10-CV-1960 (CSH)(CTDC) at footnote 1, ref. Black's Law Dictionary (9th ed. 2009), it is urged that in the absence of statutory authority the East Cleveland Police Department is not *sui juris* and therefore cannot sue or be sued. "As a department of the city, which is also a named defendant, the police department is not *sui juris* and cannot be sued as a separate entity. Rather, it is subsumed within any judgment relating to the city." See *Harris v. Sutton*, 183 Ohio App.3d 616, 2009-Ohio-4033, 918 N.E.2d 181, ¶ 1, fn. 1, *Burgess v. Doe* (1996), 116 Ohio App.3d 61, 686 N.E.2d 1141. (Lebanon Police Department dismissed as not being an entity with the capacity to be sued); *Wynn v. Butler Cty. Sheriffs Dept.*, (Mar. 22, 1999), 12th Dist. No. CA98-08-175, 1999 WL 160942, at 2 (police departments not real parties in interest).

In that the East Cleveland Police Department is not *sui juris*, and can neither be sued nor may it be sued, this Court is respectfully urged to issue an Order finding that as it appears beyond doubt that Mr. Brown can prove no set of facts in support of his claim which would entitle him to relief, Plaintiff having failed to state a claim as against the East Cleveland Police Department accordingly this Court must dismiss with prejudice all Plaintiff's claims as against Defendant, the East Cleveland Police Department.

## A. THE CITY OF EAST CLEVELAND IS ENTITLED TO IMMUNITY AGAINST ALL INTENTIONAL TORT CLAIMS.

The city is immune from all intentional tort claims because R.C. 2744.02(B), which states those circumstances in which immunity does not apply, contains no exceptions to immunity for intentional tort claims. *Thornton v. Cleveland*, 176 Ohio App.3d 122, 2008-Ohio-1709, 890 N.E.2d 353, ¶ 6 (8th Dist); *Henderson*, 8th Dist. Cuyahoga No. 101149, 2015-Ohio-15, at ¶ 62.

Not to belabor the position that Officer Defendants were operating far beyond the scope of any authorized, cognizable activity endorsed or known by the City, it is unequivocally immune.

Therefore, this Court is urged to find that Jeffrey Brown's claims sounding in intentional tort must be dismissed. See *Maggio v. Warren,* 11th Dist. Trumbull No. 2006-T-0028, 2006-Ohio-6880.

Thus, it is urged that the following intentional tort claims must be dismissed including Jeffrey Brown's claims of:

a. Unreasonable Searches and Seizure, Including the right to be free from a false arrest. (Id. at Count 1);

b. Unreasonable Searches and Seizure, Including the right to be free from Malicious Prosecution, (Id. at Count 2);

c. Right to Due Process, Including the Right to be free from Unlawful State Interference With Fundamental Liberties. (Id. at Count 3);

d. Violations of Fourteenth Amendment Due Process Right, Including the Right to be Free from Unlawful State Interference with Fundamental Liberties. (Id. at Counts 4 and 5);

e. the existence of a Conspiracy by the City of East Cleveland, the ECPD, Moore, Torris, Malone and John Doe 1 and 2 to Violate his Civil Rights. (Id. at Count 7);

f. an action arising under 42 U.S.C. § 1986 as against the City of East Cleveland and the ECPD for neglect to prevent conspiracy. (Id. at Count 8);

g. an action arising under 42 U.S.C. § 1986 as against Moore, Allen, Malone and John Doe 1 and 2 for neglect to prevent conspiracy. (Id. at Count 9).

h. Civil Conspiracy (Id. at Count 10);

i. Defamation/Libel/Slander; (Id. at Count 12);

j. Infliction of Emotional Distress; (Id. at Count 13);

k. Battery (Id. at Count 14);

Electronically Filed 05/05/2020 16:28 / MOTION / CV 20 931724 / Confirmation Nbr. 1993884 / CLCKD

l. Assault (Id. at Count 15); and,

m. Loss of Consortium (Id. at Count 16).

As more fully set forth hereinafter the remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

### B. JEFFREY BROWN'S REMAINING CLAIMS AGAINST THE CITY OF EAST CLEVELAND AND OFFICER ALLEN FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Jeffrey Brown's remaining for Failure to Properly Hire, Train, Instruct, etc. (Id. at Count 6); requires him prove that " 1) the [city] failed to train or supervise the officers involved; 2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and 3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Jeffrey Brown's proposed complaint fails to identify any inadequacies in the department's training program, but instead makes the global assertion that the City of East Cleveland failed to:

i. Properly hire, train, instruct, discipline and/or supervise Defendants Moore, Allen, Malone, John Doe 1 and John Doe 2... and

ii. Adopt and enforce reasonably appropriate policies, practices, and procedures for the operation and administration of the internal affairs of the East Cleveland police Department.

See Doc. 1 at ¶ 80.

Jeffrey Brown thus claims that the Defendant Officers were improperly trained on lawful investigatory and criminal procedures. Id. at 83. However, this allegation must fail as it stands in diametric opposition to Jeffrey Brown's previous allegations that these Defendant Officers willfully and knowingly engaged in criminal activity. It is therefore urged that these allegations fail on the third, deliberate-indifference prong.

Because the "standard for [municipal] fault" is a "stringent" one, "[a] pattern of similar constitutional violations by untrained employees is ordinarily" required to show deliberate indifference. *Connick*, 563 U.S. at 62, 131 S.Ct. 1350 (quotes and citations omitted). As noted above, Jeffrey Brown fails to sufficiently plead such a pattern.

Jeffrey Brown suggests, that the single incident in which he was "*shaken down*" plausibly suggests deliberate indifference by the City of East Cleveland. Though it is true that "a plaintiff may establish deliberate indifference" through" a single incident," *Burge v. St. Tammany Par.*, 336 F.3d 363, 372 (5th Cir. 2003) (citations omitted), Jeffrey Brown's allegations lie well beyond the reach of this narrow exception.

Such an exception is generally reserved for those cases in which the government actor was provided no training whatsoever. In *Brown v. Bryan County*, 219 F.3d 450, 453-54, 462 (5th Cir. 2000), we held the single-incident exception satisfied where a reserve deputy, with "*no training*" from the police department applied excessive force during a car chase. Later decisions have distinguished *Brown*, emphasizing that " there is a difference between a *complete failure to train* [ ] ... and a failure to train in one limited area." Jeffrey Brown's proposed complaint acknowledges that these Defendants received some training so his allegations cannot satisfy the exacting test for the narrow single-incident exception.

## CONCLUSION

Based upon the recited facts and application of law, this Court is respectfully urged to find that Defendant, the East Cleveland Police Department is not *sui juris*; and further find that he has failed to state a claim upon which relief may be granted as against the City of East Cleveland and Officer Allen. Accordingly, this Court is urged to enter an Order dismissing the Complaint against the East Cleveland Defendants with prejudice.

Respectfully submitted,

/s/ *Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for Defendants, City of East Cleveland
East Cleveland Police Department, and
John Does 1 though 9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 22nd day of June, 2018 a true and accurate copy of the foregoing *Defendants' Motion To Dismiss For Failure To State A Claim* was electronically filed with the Court and via this Court's electronic notification system a copy thereof may be accessed by the following parties:

Jeffrey Brown
Pro se for Plaintiff Jeffrey Brown
17900 Delavan Street
Cleveland, Ohio 44119

/s/ *Willa M. Hemmons*
WILLA M. HEMMONS (0041790)
Counsel for City of East Cleveland

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

JEFFREY BROWN,                          )        CASE NO. 1:18CV192
                                        )
            Plaintiff,                  )
                                        )        JUDGE CHRISTOPHER A. BOYKO
      vs.                               )
                                        )
CITY OF EAST CLEVELAND, et al.,         )        O R D E R
                                        )
                                        )
                                        )
            Defendants.                 )
                                        )

      This Court has reviewed the Report and Recommendation (Doc.# 18) of

Magistrate Judge Jonathan D. Greenberg recommending this matter be dismissed

without prejudice for failure to prosecute, and that counsel for Defendant be sanctioned

$100. Plaintiff has not filed an objection. Defendant filed a Motion for Reconsideration

(Doc #19), which was denied on August 17, 2018.

      FED. R. CIV.P. 72(b) provides that objections to a Report and Recommendation

must be filed within fourteen days after service, but Plaintiff has failed to timely file any

such objections. Therefore, the Court must assume that Plaintiff is satisfied with the

Magistrate Judge's recommendation. Any further review by this Court would be a

duplicative and inefficient use of the Court's limited resources. Thomas v. Arn, 728

F.2d 813 (6th Cir. 1984), aff'd, 474 U.S. 140 (1985); Howard v. Secretary of Health and

Human Services, 932 F.2d 505 (6th Cir. 1991); United States v. Walters, 638 F.2d 947

(6th Cir.1981).

EXHIBIT

The Court has considered Defendant City of East Cleveland's Motion for

Reconsideration as an Objection to the Report and Recommendation and found it to be

meritless. Therefore, the Court adopts in part the Report and Recommendation (Doc.#

18), dismisses the case without prejudice for failure to prosecute and sanctions defense

counsel for the City of East Cleveland $250 for repeated failure to obey the Orders of

the Court. Defense counsel falsely asserted that the Court failed to timely provide dial-

in information for the telephonic CMC; has provided no explanation for failing to contact

chambers or update her contact information in order to participate in the conference;

and falsely asserts that Plaintiff had not been served and therefore counsel reasonably

believed the conference would not go forward. Defense counsel's explanations are

factually incorrect in an attempt to deliberately mislead the Court.


IT IS SO ORDERED.

Dated: 8/22/2018


_S/Christopher A. Boyko_
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO.1:18CV192 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| CITY OF EAST CLEVELAND, ET AL., | ) | ORDER |
| | ) | |
| Defendant. | ) | |

### CHRISTOPHER A. BOYKO, J:

This matter is before the Court on the unobjected to Report and Recommendation of the Magistrate Judge, recommending that Plaintiff's Motion to Re-Instate Case (ECF # 22) be denied. There being no objection, the Court Accepts and Adopts the Magistrate Judge's Report and Recommendation.

On January 25, 2018, Plaintiff Jeffrey Brown filed a *pro se* Complaint against Defendants, alleging claims arising from his arrest, prosecution and imprisonment on various drug and weapons charges. The matter was referred to the Magistrate Judge for general pretrial supervision. Although he was properly noticed, Plaintiff failed to respond to Defendants' Motion to Dismiss, failed to participate in the Court-ordered Fed. R. Civ. P. 26(f) planning meeting and failed to appear at the Court ordered Case Management Conference and

subsequent telephone conference. The Court's CMC order warned the parties that failure to participate may result in sanctions, including dismissal.

On July 27, 2018, the Magistrate Judge issued a Report and Recommendation that Plaintiff's case be dismissed without prejudice for failure to prosecute and recommended defense counsel be fined $100 for failing to participate in the CMC and subsequent telephone status conference. Neither party filed objections to the July 27, 2018 R & R; instead, Defendants filed a Motion for Reconsideration, requesting the Court reconsider the recommendation of a fine.

The Magistrate Judge issued a subsequent R & R on the Motion for Reconsideration and the Court adopted the recommendation to dismiss the case without prejudice, but modified the recommended amount of the fine, increasing it to $250 for repeated failures to obey Court orders.

On September 11, 2018, Plaintiff filed his Motion to Re-instate Case. According to Plaintiff, he did not receive notices of the conferences despite the fact that he timely submitted a change of address form to the Court. As a result, the Court notices were delivered to his prior place of residence.

The Magistrate Judge recommends Plaintiff's Motion be denied as there is nothing on the docket evidencing that Plaintiff submitted a change of address form. Plaintiff's evidence indicates he may have notified the Post Office of his address change but nothing indicates he notified the Court of his change of address. The Magistrate Judge cites to Sixth Circuit caselaw holding that a plaintiff has an affirmative duty to notify the Court of an address change. *Barber v. Runyon,* 1994 WL 163765 at *1 (6th Cir. May 2, 1994).

2

Furthermore, the Magistrate Judge noted that Plaintiff admittedly received notice of the CMC order as outlined in the R & R, yet failed to appear.

Because the Magistrate Judge's Order warned the parties that failure to participate may result in sanctions, the parties were on notice that dismissal was possible for failure to comply. In light of Plaintiff's failure to appear at the CMC despite having been noticed, failure to inform the Court of his change in address and failure to Object to the Magistrate Judge's Report and Recommendation, the Court Accepts and Adopts the same and denies Plaintiff's Motion to RE-instate Case. (ECF # 22).

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated: December 4, 2018

3

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN<br>1491 East 191st Street, Unit H Apt. 622<br>Euclid, OH  44117 | )<br>)<br>) | CASE NO. 1:19-CV-01694 |
| | )<br>) | JUDGE |
| Plaintiff, | )<br>)<br>) | |
| vs. | )<br>) | |
| | ) | PLAINTIFF'S RENEWED COMPLAINT |
| TORRIS MOORE, in her individual<br>capacity<br>FMC Carswell<br>Naval Air Station<br>J St. Building 3000<br>Fort Worth, Texas 76127 | )<br>)<br>)<br>)<br>)<br>)<br>) | (Original Case 1:18-CV-192)<br>(Plaintiff Demands a Trial by Jury) |
| and | )<br>) | |
| ANTONIO MALONE, in his individual<br>capacity<br>FCI Danbury<br>Route 37<br>Danbury, Connecticut 06811 | )<br>)<br>)<br>)<br>) | |
| and | )<br>) | |
| CITY OF EAST CLEVELAND, OHIO<br>14340 Euclid Avenue<br>East Cleveland, Ohio 44122 | )<br>)<br>)<br>) | |
| Defendants. | ) | |

COUNT ONE

(Liability of Individual Defendants Pursuant 42 U.S.C. §1983)



1. The jurisdiction of this Honorable Court over the subject matter of this action is conferred pursuant to 42 U.S.C. §1983, 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1343. Venue is properly laid in this District pursuant to 28 U.S.C. §1391 in that all defendants reside or are found in this District and the causes of action asserted in this Complaint all arose in this District.

2. Plaintiff Jeffrey Brown is an individual who resides at 1491 East 191th Street, Unit H, Apt. 622, Euclid, Ohio 44117.

3. Defendant Torris Moore ("Moore") is an individual who is presently incarcerated at FMC Carswell, Naval Air Station, J Street Building 3000, Fort Worth, Texas 76127. Moore's scheduled release date is April 18, 2024. At all times that the events material to this lawsuit occurred Moore was a member of the City of East Cleveland, Ohio Police Department and was acting under color of state law. Moore is being sued in her individual capacity.

4. Defendant Antonio Malone ("Malone") is an individual who is presently incarcerated at FCI Danbury, Route 37, Danbury, Connecticut 06811. Malone's scheduled release date is June 3, 2021. At all times that the events material to this lawsuit occurred Malone was a member of the City of East Cleveland, Ohio Police Department and was acting under color of state law. Malone is being sued in his individual capacity.

5. Defendant City of East Cleveland, Ohio ("East Cleveland") is a duly constituted, duly authorized municipality that was created and operates pursuant to the laws of the State of Ohio. East Cleveland's business address is 14340 Euclid Avenue,

2

East Cleveland, Ohio 44112. At all times material to this lawsuit East Cleveland was responsible for the operation of the East Cleveland Police Department and trained and employed Moore and Malone while each of those individuals was an East Cleveland police officer.

6. On or about November 5, 2013 Brown was driving his vehicle on East 131st Street in Cleveland, Ohio. An unmarked car in which Malone was riding while on duty as an East Cleveland police officer pulled Brown's vehicle over in front of a store, Alyakaj Stop-N-Shop, 720 East 131st Street, Cleveland, Ohio 44108, that Brown owned and operated. Brown was forced out of his car at gunpoint. Once Brown was out of his vehicle Brown was searched. Brown was then handcuffed and placed in the back seat of an East Cleveland Police Cruiser that had arrived on the scene.

7. Thereafter, Malone entered Brown's store and began to search that premises. In Brown's store Malone encountered and detained Brown's children, Ja-Kayla Brown and Jayden Brown. In Brown's store Malone also encountered store employee Demetrious Brantley ("Brantley"). Malone handcuffed Brantley and placed Brantley in the back seat of the Cruiser with Brown. At about this time Moore arrived on the scene. There was no reasonable suspicion or probable cause sufficient to permit the arrest of Brown and Brantley. No warrant had been issued for the arrest of either Brown or Brantley.

8. Brown and Brantley were transported to the East Cleveland Jail. Moore and Malone then travelled to Brown's residence located at 4407 Lucille Avenue, South Euclid, Ohio 44121. While at Brown's residence, Malone and Moore

3

searched the premises and took money and valuables from the premises. Moore and Malone then returned to Brown's store on East 131st Street and took additional money and valuables from that premises. There was no reasonable suspicion or probable cause sufficient to permit the search of either Brown's residence or Brown's store. No warrant had been issued for the search of either premises or for the removal of Brown's money and valuables from either premises.

9. Moore and Malone made statements to the effect that Brown had committed drug offenses, had committed having weapons under disability, and had possessed criminal tools. Moore and Malone knew that Brown had not committed those crimes or any other crimes. Based on the false statements made by Moore and Malone, and false testimony to the Cuyahoga County Grand Jury by Moore and Malone, Brown was indicted for multiple crimes. Brown plead guilty to some of the crimes with which he was falsely charged and which he did not commit. Brown was sentenced to serve a prison term of six months which Brown served.

10. Moore and Malone were indicted for and convicted of several federal crimes. Based on those federal charges and the subsequent convictions of Moore and Malone, the Cuyahoga County Common Pleas Court, on or about April 17, 2017, vacated Brown's conviction.

11. In forcibly detaining Brown, searching Brown's house, stealing money and valuables from Brown, arresting Brown, and making false statements and giving false testimony about Brown, Moore and Malone were, at all times, acting under color of state law. While acting under color of state law, Moore and Malone,

4

alone and in concert with one another violated rights secured to Brown by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution. As a direct and proximate result of Moore's and Malone's violation of Brown's constitutional rights as alleged herein, Brown has suffered monetary loss and psychological pain, the effects of which still affect Brown and will affect Brown in the future, and caused Mr. Brown to incur expenses; said expenses will continue into the future, and Brown has suffered loss of income.

12. In violating Brown's constitutional rights as alleged in Count One of this Complaint, Moore and Malone acted willfully, wantonly, maliciously, and in reckless disregard for Brown's rights.

## COUNT TWO

### (Municipal Liability of the City of East Cleveland, Ohio)

13. Brown realleges paragraphs 1-12 of this Complaint.

14. Moore was the head of the East Cleveland Police Department's Street Crimes Unit. In that capacity Moore was able to make decisions that constituted the policy for that important segment of the East Cleveland Police Department. Moore exercised her authority and discretion to participate in a pattern of unconstitutional conduct by herself and other officers assigned to the Street Crimes Unit and conceal the unconstitutional conduct by herself and other officers assigned to the Street Crimes Unit. Moore was a final policy maker for the City of East Cleveland.

5

15. East Cleveland knew or should have known that certain of its police officers, Moore and Malone included, were engaging in illegal and unconstitutional conduct. East Cleveland knew or should have known that Moore, as the head of the Street Crimes Unit was concealing the unconstitutional activities of officers assigned to the Street Crimes Unit. East Cleveland took no steps to stop the pattern and practice of illegal and unconstitutional conduct by its police officers or to discipline police officers who engaged in a pattern and practice of illegal and unconstitutional conduct. By not taking any steps to stop the activities of its police officers and by not disciplining the offending police officers East Cleveland has openly tolerated the unconstitutional conduct toward Brown as alleged herein and is complicit in that pattern and practice of unconstitutional conduct. The unconstitutional and illegal actions by Moore and Malone alleged herein were part of a practice established by a final policy maker and condoned by and adopted by East Cleveland.

16. East Cleveland did not properly train its police officers including Moore and Malone. That lack of training caused Moore and Malone, acting alone and in concert with one another, to violate Brown's constitutional rights and civil rights including, but not limited to, violation of rights secured to Brown by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

17. As a direct and proximate result of the violation of Brown's constitutional rights by East Cleveland as alleged herein Brown has suffered monetary loss and psychological pain the effects of which still affect Brown and will affect Brown in the future, has caused Brown to incur expenses which expenses will continue into

6

the future, and has caused Brown to suffer loss of personal property and of income.

WHEREFORE Brown requests that this Honorable Court:

a. Find that Moore and Malone, alone and in concert with one another, while acting in their individual capacities and under color of state law violated rights secured to Brown by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

b. Find that the unconstitutional and illegal conduct by Moore and Malone was the product of municipal policies and practices of East Cleveland and a failure by East Cleveland to properly train Moore and Malone;

c. Grant Brown judgment against Moore, Malone, and East Cleveland, jointly and severally, for compensatory damages in an amount to be determined at trial but in no event less than Five Hundred Thousand Dollars ($500,000.00);

d. Grant Brown judgment against Moore and Malone, jointly and severally, for punitive damages in an amount to be determined at trial but in no event less than Seven Hundred Fifty Thousand Dollars ($750,000.00);

e. Grant Brown judgment against Moore, Malone, and East Cleveland, jointly and severally, for interest on all compensatory damages found to be due to Brown;

f. Grant Brown judgment against Moore, Malone, and East Cleveland, jointly and severally, for the costs of this action including the reasonable attorney fees incurred by Brown in the prosecution of this action;

7

g.  Grant Brown any further relief that this Honorable Court deems to be equitable and just.

Respectfully submitted,

*/s/ Sarah Thomas Kovoor*

Sarah Thomas Kovoor
Kovoor Law, LLC
155 South Park Avenue, Suite 165
Warren, OH  44481
P: (330) 974-1212 / F: (330) 974-1220
E: Sarah.Thomas.Kovoor@gmail.com
*Counsel for Plaintiff Jeffrey Brown*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | ) | CASE NO.: 1:18CV-192 |
| | ) | |
| Plaintiff, | ) | THE HONORABLE JUDGE |
| | ) | BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CITY OF EAST CLEVELAND, *et al.*, | ) | GREENBERG |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW Comes Defendants, the City of East Cleveland by and through their undersigned

counsel of record hereby respectfully moves this Court to enter an Order dismissing Plaintiff

Jeffrey Brown's ("Jeffrey Brown") Complaint for the fact that the matter is *res judicata* as well

as being time barred.

This case is a re-filed action on a case that was terminated on December 4, 2018, *Brown
v. Moore, et al.,* Case No 18CV 192 by order of Judge Christopher Boyco who stated that:

> "In light of Plaintiff's failure to appear at the CMC despite having been noticed,
> Failure to inform the Court of his change in address and failure to Object to the
> Magistrate Judge's Report and Recommendation, the Court Accepts and Adopts the
> Same and denies Plaintiff's Motion to RE-instate Case." (ECF#22) (R.38, PageID#210)

Further, this case is time barred. The U.S. Supreme Court held in *Owens v. O'Kure, 488*

*U.S. 235 (1989),* that the federal law in civil rights actions,



1

"requires courts to borrow and apply to all §1983 claims the one most analogous state statute of limitations."

Pursuant to *Owens*, the Ohio Supreme Court found that Ohioans suing under Federal Civil Rights Statute must file court actions within two years. The *Owens* Court held that such cases are subject to the two-year-time limit imposed by Ohio Revised Code Section 2305.10. Judge John Russo vacated Plaintiff Brown's conviction on December 29, 2016, *State v. Brown,* Cuyahoga County Common Pleas Case No. CR 13-580090.

By virtue of the fact that the within case was filed on July 24, 2019 and Mr. Brown's case was vacated on December 29, 2016, more than two years has passed since Mr. Brown became aware of any his civil rights claim to which he might have been entitled.

Therefore, since the statute of limitations has run, as well as his having forfeited such claims by his own *non-feasance* in his previous case involving the same cause in this Court, 18 CV-192, this case should be dismissed.

Respectfully submitted,

*/s/ Willa M. Hemmons*
Willa M. Hemmons (0041790)
Director of Law
City of East Cleveland
14340 Euclid Avenue
East Cleveland, Ohio 44112
whemmons@eastcleveland.org
Counsel for Defendant, City of East Cleveland

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 12th day of September, 2019 a true and accurate copy of the foregoing *DEFENDANTS' MOTION TO DISMISS* was electronically filed with the Court and via this Court's electronic notification system a copy thereof may be accessed by all registered parties. Further, a copy is made this date and forwarded via regular, U.S. mail, postage prepaid to:

| | |
|---|---|
| Sarah Thomas Kovoor, Esq.<br>For Plaintiff Jeffrey Brown<br>155 South Park Avenue, Ste. 165<br>Warren, OH 44481 | ANTONIO MALONE<br>FCI Bennettsville<br>696 Muckerman Road<br>Bennettsville, South Carolina 29512<br>*Defendant* |
| TORRIS MOORE<br>FMC Carswell<br>J St. Bldg. 3000<br>Fort Worth, Texas 76127<br>*Defendant* | ERIC JONES<br>FMC Devens<br>42 Patton Road<br>Ayer, Massachusetts 01432<br>*Defendant* |

*/s/ Willa M. Hemmons*
WILLA M. HEMMONS (0041790)
Counsel for City of East Cleveland

3

4

5

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **JEFFREY BROWN,** | ) | **CASE NO. 1:19CV1694** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **CITY OF EAST CLEVELAND, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

This matter is before the Court on Defendant City of East Cleveland's Motion to

Dismiss. (ECF # 4). For the following reasons, the Court grants Defendant's Motion.

According to his Complaint, on November 5, 2013, Jeffrey Brown was driving his car

when he was pulled over by Defendant Police Officer Antonio Malone in front of a store

owned and operated by Brown. According to Brown, Malone forced him out of his car at

gunpoint and searched Brown. Malone then placed Brown in handcuffs and put him in the

back seat of an East Cleveland police cruiser newly arrived on the scene. Malone then

searched Brown's business and detained Brown's children Ja-Kayla and Jayden as well as

Brown's employee Demetrious Brantley. Brown and Brantley were arrested and transported

to East Cleveland Jail.

**EXHIBIT**

Malone and Defendant Torris Moore, another East Cleveland Police Officer, then went to Brown's residence and place of business and removed money and valuables. According to Brown, Officers Moore and Malone had no search warrant and there was no probable cause to search Brown's business and residence or to remove money and valuables. Based on the Officers' false testimony, Brown was indicted on multiple offenses, pled guilty to some of the offenses and served six months in prison. Shortly thereafter, Moore and Malone were both indicted and convicted on multiple federal offenses and are presently serving time in prison.

Subsequently, Brown's conviction was vacated on April 17, 2017.

Brown's Complaint alleges claims under 42 U.S.C. § 1983 for violations of his Fourth, Fifth and Fourteenth Amendments rights under the United States Constitution. Brown further alleges *Monell* claims against East Cleveland for violations of his Constitutional rights due to East Cleveland's failure to train, supervise its Officers and due to the unlawful policies and practices of the City of East Cleveland.

East Cleveland moves to dismiss Brown's claims because they are subject to the doctrine of *res judicata* and are time barred. According to Defendant, Brown's claims were originally filed in *Brown v. Moore, et al.* 18 CV 192. In that action, on August 22, 2018, the Court dismissed Brown's claims for failure to prosecute due to Brown's failure to appear at a CMC despite being noticed, failure to update his address with the Court, failure to oppose Defendant's Motion to Dismiss and for failure to Object to the Magistrate Judge's Report and Recommendation recommending dismissal without prejudice for failure to prosecute.

Brown subsequently filed a Motion to Reinstate his claims, alleging he changed his

2

address but he failed to submit to the Court any evidence he informed the Court of his address change. The Magistrate Judge recommended and the Court adopted the Report and Recommendation denying Plaintiff's Motion to Reinstate his claims.

Brown refiled his Complaint with the Court on July 24, 2019. Defendant's Motion to Dismiss merely alleges res judicata with absolutely no development or argument. Defendant further contends Brown's claims are barred by the two year statute of limitation under applicable Ohio law. Brown's conviction was overturned on April 17, 2017, but Defendant asserts that Brown's conviction was vacated on December 29, 2016, therefore, according to Defendant, his refiling his time barred.

Brown opposes the Motion to Dismiss contending that res judicata does not apply since the Court never addressed the merits of Plaintiff's original Complaint and the dismissal was expressly without prejudice. Brown further contends his refiling was within the one-year limitation period established for refiling under Ohio's Saving Statute and is therefore, not time barred.

## LAW AND ANALYSIS

### Standard of Review

"In reviewing a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Factual allegations contained in a complaint must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its

3

face." *Id.* at 570. Dismissal is warranted if the complaint lacks an allegation as to a necessary

element of the claim raised. *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485 (6th Cir. 1990).

The United States Supreme Court, in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), discussed

*Twombly* and provided additional analysis of the motion to dismiss standard:

> In keeping with these principles a court considering a motion to
> dismiss can choose to begin by identifying pleadings that, because
> they are no more than conclusion, are not entitled to the assumption
> of truth. While legal conclusions can provide the framework of a
> complaint, they must be supported by factual allegations. When there
> are well-plead factual allegations a court should assume their veracity
> and then determine whether they plausibly give rise to an entitlement
> to relief. *Id.* at 1950.

When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint

and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the

complaint and are central to the claims contained therein. *See Amini v. Oberlin Coll.*, 259

F.3d 493, 502 (6th Cir. 2001).

## Res Judicata

Pursuant to the doctrine of res judicata, "a final judgment on the merits bars further

claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440

U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979) (citations omitted). "For res judicata to

apply, the following elements must be present: (1) a final decision on the merits by a court of

competent jurisdiction; (2) a subsequent action between the same parties or their "privies";

(3) an issue in the subsequent action which was litigated or which should have been litigated

in the prior action; and (4) an identity of the causes of action." *Bragg v. Flint Bd. of Educ.*,

4

570 F.3d 775, 776 (6th Cir. 2009).

Here, the Court's dismissal of Brown's original Complaint was expressly "without prejudice." Thus, the Court's dismissal was not a determination on the merits and res judicata does not bar the subsequent pleading. Nor does the Court's denial of Brown's Motion to Reinstate act as a subsequent ruling on the merits. Therefore, Brown's refiled action is not barred by the doctrine of res judicata.

## Time Barred

City of East Cleveland contends Brown's claims are time-barred as his refiling was more than two years after his conviction was vacated. "Because 42 U.S.C § 1983 does not specify a statute of limitations, courts apply the statute of limitations from the state's general personal injury statute, which in this case is two years for cases filed in Ohio." *McKenzie v. Highland Cty., Ohio Sheriff's Office,* No. 1:18-CV-78, 2018 WL 6437419, at *3 (S.D. Ohio Dec. 7, 2018), report and recommendation adopted sub nom. *McKenzie v. Highland Cty. Sheriff's Office,* No. 1:18-CV-00078-MRB, 2019 WL 1440726 (S.D. Ohio Mar. 31, 2019) citing *Trzebuckowski v. City of Cleveland,* 319 F. 3d 853, 855-56 (6th Cir. 2003) (citing *Owens v. Okure,* 488 U.S. 235, 249-50 (1998) ). "Although the limitations period for § 1983 actions is borrowed from state law, federal law governs when the limitations period begins to run." *Stanley v. Malone,* No. 2:07-cv-694, 2009 WL 485491, at *4 (S.D. Ohio Feb. 26, 2009) (citing *Wallace v. Kato,* 549 U.S. 384, 388 (2007) ). The statute of limitations begins to run when "the plaintiff knew or should have known of the injury which forms the basis for his or her claim." *Id.* (citing *Roberson v. Tenn.,* 399 F.3d 792, 794 (6th Cir. 2005); *Sevier v. Turner,* 742 F.2d 262, 273 (6th Cir. 1984) ). "We have held, however, that in light of the Supreme

5

Court's ruling in *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), '[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is reversed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs, if ever.'" *Wolfe v. Perry,* 412 F.3d 707, 714 (6th Cir. 2005) quoting *Shamaeizadeh v. Cunigan,* 182 F.3d 391, 394 (6th Cir.), cert. denied, 528 U.S. 1021, 120 S.Ct. 531, 145 L.Ed.2d 412 (1999).

Defendant relies on the docket entry of December 29, 2016, which shows Brown's conviction was vacated. However, the exact same entry was docketed on April 17, 2017. A review of both the Cuyahoga County Court of Common Pleas docket and Eighth District Court of Appeals docket confirms that the December 29, 2016 Order vacating Brown's conviction was itself vacated because Brown had appealed his conviction prior to December 2016 and the Court of Common Pleas was without jurisdiction to vacate the conviction while the appeal was pending. Upon remand, the Court of Common Pleas vacated Brown's conviction on April 17, 2017. Thus, the triggering date is the date Brown's conviction was vacated, to wit, April 17, 2017 not December 29, 2016.

Brown's original Complaint was dismissed on August 22, 2018, therefore, under Ohio law, Brown had until April 2019 to refile his Complaint. Brown did not refile his Complaint until July 24, 2019. Thus, Brown's refiled Complaint was refiled more than two years after the triggering event.

Brown argues that because he refiled less than a year after the dismissal he receives the benefit of Ohio's Savings Statute. "When we use a state's Statute of Limitations, we also use its procedural rules affecting that Statute of Limitations." *Coleman v. Dep't of Rehab. &*

6

*Corr.*, 46 F. App'x 765, 769 (6th Cir. 2002) citing *West v. Conrail,* 481 U.S. 35, 39–40 n. 6,

107 S.Ct. 1538, 95 L.Ed.2d 32 (1987). Thus, this Court must consider Ohio's Savings

Statute.

> Ohio's Savings Statute is found in O.R.C. § 2305.19 and reads:

> In an action commenced, or attempted to be commenced, if in due time a
> judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than
> upon the merits, *and the time limited for the commencement of such action at
> the date of reversal or failure has expired,* the plaintiff ... may commence a
> new action within one year after such date. (Emphasis added).

By its plain terms, the Savings Statute only applies if the original action was dismissed

after the limitations period had run. Here, Brown still had nearly eight months to refile within

the limitations period. He did not. Because the original dismissal occurred within the

limitations period and Brown waited until after it expired to refile, his claims are time-barred.

Therefore, the Court grants Defendant's Motion and dismisses Brown's claims against

Defendant City of East Cleveland.

IT IS SO ORDERED.

DATED: November 6, 2019     /s/Christopher A. Boyko
            CHRISTOPHER A. BOYKO
            United States District Judge

7